# IN THE SUPREME COURT OF THE STATE OF IDAHO
## Docket No. 38370

JACK MC LEAN, Trustee and WAYNE DAWSON, TRUSTEE,

    Plaintiffs,

v.

CHEYOVICH FAMILY TRUST and VASA N. BACH FAMILY TRUST,

    Defendants.

--------------------------------------------------------

JOHN N. BACH,

    Intervenor-Appellant,

v.

WAYNE DAWSON, Trustee; DONNA DAWSON; ALVA A. HARRIS, individually and dba SCONA, INC.; KATHERINE M. MILLER, and DOES 1-30, inclusive

    Third Party Defendant-Respondents.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Boise, April 2012 Term

2012 Opinion No. 87

Filed: June 1, 2012

Stephen W. Kenyon, Clerk

_____

Appeal from the district court of the Seventh Judicial District of the State of Idaho, Teton County.  Hon. Darren B. Simpson, District Judge.

The judgment of the district court is <u>affirmed</u>.  Attorney's fees and costs on appeal are awarded to Dawson.

John N. Bach, Driggs, appellant, *pro se*.

Smith & Banks, LLC, Idaho Falls, attorneys for respondent.
_____

W. JONES, Justice

## I. NATURE OF THE CASE

On remand, the district court granted Wayne Dawson's ("Dawson") Motion for Relief from Judgment and issued its Second Amended Judgment, which in part quieted title to and in

1

part took judicial notice of four undivided one-fourth interests in a forty-acre parcel of land located in Teton County, Idaho ("the Peacock Parcel"). On appeal, John Bach ("Bach") contends, among other things, that Dawson lacked standing to file his Motion for Relief from Judgment and that the district court abused its discretion and lacked personal and subject matter jurisdiction when it granted the Motion for Relief from Judgment and entered the Second Amended Judgment.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Jack Lee McLean ("McLean"), trustee of the McLean Family Trust, and Dawson, trustee of the Dawson Family Trust, originally filed their Complaint on December 18, 2001, in Teton County Case No. CV–01–265, against the Cheyovich Family Trust and the Vasa N. Bach Family Trust in order to quiet title to and partition the Peacock Parcel. *Dawson v. Cheyovich Family Trust*, 149 Idaho 375, 377–78, 234 P.3d 699, 701–02 (2010). The Complaint described a land transaction that occurred in 1994 involving the McLean Family Trust, the Cheyovich Family Trust, the Dawson Family Trust and Targhee Powder Emporium, Ltd.,[1] ("Targhee Powder") who each allegedly obtained an undivided one-fourth interest in the Peacock Parcel. *Id.* at 377, 234 P.3d at 701. The Complaint alleges that Dawson holds a one-half interest in the Peacock Parcel that he claims to have acquired through his interest in the Dawson Family Trust and Targhee Powder, McLean holds a one-fourth interest, and the Cheyovich Family Trust holds a one-fourth interest. *Id.* The Complaint was served on Bach as the successor trustee of the Vasa N. Bach Family Trust, which presumably was one of the original investors in the Peacock Parcel.

On January 7, 2002, Bach sought to answer the Complaint on behalf of the Cheyovich Family Trust, the Vasa N. Bach Family Trust, and Targhee Powder in his capacity as an alleged investor of the Peacock Parcel. *Id.* at 378, 234 P.3d at 702. The district court held that Bach was entitled to intervene in the case as to his personal interests. *Id.* Thereafter, Bach filed his Complaint in Intervention against McLean and Dawson. *Id.* In his Complaint in Intervention, Bach asserted that he owned Targhee Powder. *Id.* He also requested that the district court declare that he was entitled to at least a one-fourth interest in the Peacock Parcel. *Id.*

Shortly thereafter, Bach initiated his own quiet-title action against Dawson and McLean in Teton County Case No. CV–02–208, claiming that he holds an undivided one-fourth interest in the Peacock Parcel. *See Bach v. Bagley*, 148 Idaho 784, 788, 229 P.3d 1146, 1150 (2010). On

---

[1] Targhee Powder was an unregistered business entity used by Bach to acquire various land interests in Teton County between 1992 and 2000. *See Bach v. Miller*, 148 Idaho 549, 550, 224 P.3d 1138, 1139 (2010).

February 23, 2004, the district court entered a Default Judgment in that case against Dawson quieting title to a one-fourth interest in the Peacock Parcel to Bach. *Dawson*, 149 Idaho at 378, 234 P.3d at 702. The district court also held that Dawson holds an undivided one-fourth interest in the Peacock Parcel. *Id.* Dawson did not appeal the Default Judgment. *Id.*

McLean died in December of 2003. Thereafter, in Teton County Case No. CV–01–265, Bach moved on October 25, 2004, for a dismissal of the case with prejudice for lack of diligent prosecution. *Id.* The district court denied Bach's motion to dismiss, holding that Dawson's and McLean's lack of prosecution was attributable to the interim suit filed by Bach in Teton County Case No. CV–02–208. *Id.* On July 2, 2007, Bach again moved for dismissal of the case with prejudice and summary judgment. *Id.* On January 3, 2005, the district court granted Bach's Motion for Dismissal with prejudice as to McLean for the lack of prosecution by McLean's estate. On September 11, 2007, the district court dismissed Dawson and McLean's Complaint with prejudice for lack of prosecution by Dawson and granted Summary Judgment in favor of Bach on his Complaint in Intervention. *Id.*

The district court's Memorandum Opinion and the Judgment, which were both filed on September 11, 2007, quieted title to an undivided three-fourth interest in the Peacock Parcel to Bach and the remaining one-fourth interest to the Cheyovich Family Trust. *Id*. They were both signed by Judge Shindurling, but they were authored in their entirety by Bach. The Memorandum Opinion read as follows:

> (1) Bach was the rightful owner of the Targhee Powder Emporium; (2) the third-party defendants violated the 'Idaho Racketeering RICO Act and even the Federal RICO act'; (3) "all third party defendants 'did steal, convert, destroy and deprive [Bach] of his dba names and business identities of TARGHEE POWDER EMPORIUM, LTD, UNLTD, and INC.'"; (4) Bach was entitled to three-fourths interest in the Peacock Property by virtue of Dawson's default in Teton County Case CV–02–208, with the other quarter interest being retained by the Cheyovich Family Trust; (5) Dawson was barred from enforcing an oral agreement to sell his interest in the Peacock Property to Bach by the applicable statute of limitations; (6) there was a permanent injunction against all the third-party defendants prohibiting them, among other things, from bringing any further actions against Bach; and (7) Bach was entitled to sole interest in two other properties—a 33–acre parcel known as the 'Drawknife Property' and an 8.5–acre parcel known as the 'Zamona Casper Property.'

*Id.*

On February 7, 2008, Dawson filed an I.R.C.P. 60(b)(6) Motion for Relief from Judgment wherein he argued that the Judgment, which was filed on September 11, 2007, should be set aside on the basis that, among other things, it was directly contrary to the Default

Judgment entered in Teton County Case No. CV–02–208, which held that Bach and Dawson each hold undivided one-fourth interests in the Peacock Parcel. *Id.* at 379, 234 P.3d at 703. Instead of ruling on the Motion for Relief from Judgment, the district court entered its First Amended Judgment, which narrowed the scope of the Judgment, which was filed on September 11, 2007, to include only Bach's three-fourth interest and the Cheyovich Family Trust's one-fourth interest in the Peacock Parcel. *Id.*

On May 20, 2008, Dawson appealed to this Court in *Dawson v. Cheyovich Family Trust*, arguing that the district court erred by failing to rule on Dawson's Motion for Relief from Judgment and by entering the First Amended Judgment. *Id.* Bach then cross-appealed on June 10, 2008. *Id.* In *Dawson v. Cheyovich Family Trust*, this Court held that the district court abused its discretion by failing to rule on the Motion for Relief from Judgment and remanded the case to the district court for it to rule on that motion. *Id.* at 380–81, 383, 234 P.3d at 704–05, 707.

On remand, the district court entered an Order Granting Dawson's Motion for Relief from Judgment and issued a Second Amended Judgment, which in part quieted title to and in part took judicial notice of four undivided one-fourth interests in the Peacock Parcel in favor of Bach, Dawson, the Cheyovich Family Trust, and McLean by and through his representative Lynn McLean on October 29, 2010. On November 15, 2010, Bach filed a document entitled:

> Intervenor-Complainant John N. Bach's Motions Re: 1.) To Strike, Quash & Vacate Court's Order granting Plaintiff Wayne Dawson's for Relief from Judgment & Second Amended Judgment, I.R.C.P., Rules 12(f), 12(g)(2)(4), 19, *et seq*; 2.) Order Granting New Hearing Before Unbiased, Qualified Judge, I.R.C.P. Rules 59(a)(1) (Order & Second Amended Judgment Abuse of Discretion &/or Prevented from Having fair hearing) & 59(a)(6) (Insufficiency of Evidence, error in law/against [sic] the law) & Rule 59(e); 3) Order Per I.R.C.P., Rule 60(b)(1)(2)(3)(4)(5) & (6)

The Order denying the November 15, 2010, motions is not in the record. Instead, Bach placed the Order as an appendix in his opening brief. Thereafter, Bach timely filed his Notice of Appeal on December 9, 2010.

### III. ISSUES ON APPEAL

1. Whether Bach waived the majority of his claims on appeal?

2. Whether Dawson had standing to file his Motion for Relief from Judgment?

3. Whether the district court had jurisdiction to grant the Motion for Relief from Judgment and to enter the Second Amended Judgment?

4. Whether Bach is entitled to attorney's fees on appeal?

**5.**     Whether Dawson is entitled to attorney's fees on appeal?

### IV. STANDARD OF REVIEW

As this Court held in *Waller v. Idaho Dept. of Health and Welfare*:

> A trial court's decision whether to grant relief pursuant to I.R.C.P. 60(b) is reviewed for abuse of discretion. The decision will be upheld if it appears that the trial court (1) correctly perceived the issue as discretionary, (2) acted within the boundaries of its discretion and consistent with the applicable legal standards, and (3) reached its determination through an exercise of reason. A determination under Rule 60(b) turns largely on questions of fact to be determined by the trial court. Those factual findings will be upheld unless they are clearly erroneous. If the trial court applies the facts in a logical manner to the criteria set forth in Rule 60(b), while keeping in mind the policy favoring relief in doubtful cases, the court will be deemed to have acted within its discretion.

146 Idaho 234, 237–38, 192 P.3d 1058, 1061–62 (2008) (citations omitted) (internal quotation marks omitted).

Although courts have broad discretion to grant a motion for relief from judgment, that discretion is bounded by the requirement that the party seeking relief demonstrate "unique and compelling circumstances" which justify relief. *Miller v. Haller*, 129 Idaho 345, 349, 924 P.2d 607, 611 (1996). "It is incumbent upon a party seeking relief from a judgment not only to meet the requirements of I.R.C.P. 60(b), but also to show, plead or present evidence of facts which, if established, would constitute a meritorious defense to the action." *Maynard v. Nguyen*, 152 Idaho 724, 726, 274 P.3d 589, 591 (2011) (citing *Ponderosa Paint Mfg., Inc. v. Yack*, 125 Idaho 310, 317, 870 P.2d 663, 670 (Idaho Ct. App. 1994)).

### V. ANALYSIS

**A.     Bach Waived the Majority of His Claims on Appeal**

In his opening brief, Bach has provided this Court with a wide variety of issues that are "so lacking in coherence, citations to the record, citations of applicable authority, or comprehensible argument" that they are difficult, if not impossible, to understand. *Bagley*, 148 Idaho at 791, 229 P.3d at 1153. In general, Bach's opening brief, at best, reads like a journal of his stream of consciousness or perhaps unconsciousness. He generally does not provide relevant Idaho case law supporting the majority of his claims. Instead, Bach cites favorable secondary sources and cases from other states with questionable relevance. Furthermore, this Court does not approve of Bach's practice of utilizing blanket statements that incorporate all arguments and authority cited for each issue to every other issue. *See id.*

This Court will not consider an issue unless it is "supported by argument and authority in the opening brief." *Id.* at 790, 229 P.3d at 1152 (quoting *Jorgensen v. Coppedge*, 145 Idaho 524, 528, 181 P.3d 450, 454 (2008)). "[G]eneral attack[s] on the findings and conclusions of the district court, without specific reference to evidentiary or legal errors," will also not be considered. *Id.* This Court declines to search the record on appeal for error. *Id.*

All of Bach's arguments on appeal focus on his mistaken belief that all of Dawson's and McLean's claims are moot and that Bach is entitled to Dawson's and McLean's interests in the Peacock Parcel because the district court judge apparently mistakenly signed the Judgment, which was filed on September 11, 2007, most likely without reading it. Thus, Bach is essentially seeking a windfall to Dawson's and McLean's undivided interests in the Peacock Parcel. As the district court noted, Dawson's and McLean's interests in the Peacock Parcel are beyond the relief sought in the Complaint, and awarding those interests to Bach would be contrary to the Default Judgment entered in Teton County Case No. CV–02–208. Therefore, the majority of Bach's claims on appeal will not be considered by this Court because Bach has failed to support them with relevant argument and authority.

Furthermore, Bach presents many new issues on appeal that lack argument or authority. Among the multitude of Bach's new claims on appeal include those based on the Idaho Racketeering Act, the invited error doctrine, the waiver doctrine, acquiescence, res judicata, judicial estoppel, collateral estoppel, quasi-estoppel, and claim preclusion. This Court will not consider arguments raised for the first time on appeal. *Johannsen v. Utterbeck*, 146 Idaho 423, 429, 196 P.3d 341, 347 (2008). As a result, these new arguments are deemed waived.

Finally, the record that Bach has provided to this Court is severely inadequate. The only portions of the record that are relevant to this appeal are primarily found in the first thirty-one pages. Many of the orders, motions and judgments that Bach cites in his opening brief are not included in the record. Furthermore, the record is wholly devoid of sufficient facts to frame many of the legal arguments that Bach makes in his opening brief. For the most part, there are only a few facts in the record that describe the series of events giving rise to this appeal. Thus, many of the legal arguments that Bach makes in his opening brief are unsupported by the record.

Bach contends that the district court erred when it awarded Dawson and McLean Rule 11 sanctions, but Bach failed to attach the order granting sanctions or any other relevant document in the record. Bach further asserts that Dawson and McLean violated the Idaho Racketeering Act, but he failed to attach the order relating to that statute in the record, as well. Bach also did

6

not include the district court's Order denying Bach's November 15, 2010, motions in the record on appeal. Instead, he placed the Order as an appendix in his opening brief. As a result, this Court cannot consider that issue on appeal. *See Goodman Oil Co. v. Scotty's Duro-Bilt Generator, Inc.*, 147 Idaho 56, 59, 205 P.3d 1192, 1195 (2009). Therefore, these issues are waived because this Court is "bound by the record and cannot consider matters or materials not part of or contained therein." *State ex rel. Ohman v. Ivan H. Talbot Family Trust*, 120 Idaho 825, 827, 820 P.2d 695, 697 (1991).

**B.      Dawson Had Standing to File his Motion for Relief from Judgment**

Bach contends that because the district court dismissed McLean and Dawson's Complaint with prejudice for lack of prosecution and entered the Judgment on September 11, 2007, which quieted title to an undivided three-fourth interest in the Peacock Parcel to Bach, Dawson lacked standing to file the Motion for Relief from Judgment.[2] Bach also asserts that Dawson lacks standing because he missed the fourteen day deadline to file a motion for reconsideration. In this vein, Bach seems to argue that filing a motion for reconsideration is a prerequisite to filing a motion for relief from judgment.

In order to satisfy the requirement of standing, the petitioner must allege or demonstrate a distinct palpable injury in fact, that the injury is fairly traceable to the challenged conduct, and that there is a substantial likelihood that the judicial relief requested will prevent or redress the claimed injury. *Martin v. Camas Cnty. ex rel. Bd. of Comm'rs*, 150 Idaho 508, 513, 248 P.3d 1243, 1248 (2011); *Schneider v. Howe*, 142 Idaho 767, 772, 133 P.3d 1232, 1237 (2006). "But even if a showing can be made of an injury in fact, standing may be denied when the asserted harm is a generalized grievance shared by all or a large class of citizens." *Young v. City of Ketchum*, 137 Idaho 102, 104–05, 44 P.3d 1157, 1159–60 (2002). An interest as a concerned citizen in seeing that the government abides by the law does not confer standing. *Id.*

Bach is essentially inviting this Court to reconsider *Dawson v. Cheyovich Family Trust*, which resolved this issue. Bach's argument that filing a motion for reconsideration is a prerequisite to filing a motion for relief from judgment is incorrect. Idaho Rule of Civil Procedure 60 and Idaho Rule of Civil Procedure 11(a)(2)(B) do not contain any language to that effect. Dawson showed a distinct palpable injury in fact that is fairly traceable to Bach's

---

[2] Bach contends that Dawson and McLean lacked standing to file the Motion for Relief from Judgment. McLean was deceased when the motion was filed. Because Bach did not provide the Motion for Relief from Judgment in the record on appeal, it is unclear who filed that motion.

7

conduct, which can be redressed. Therefore, Dawson had standing to file his Motion for Relief from Judgment.

**C.    The District Court Had Jurisdiction to Grant the Motion for Relief from Judgment and to Enter the Second Amended Judgment**

Bach contends that the district court lacked personal and subject matter jurisdiction to grant the Motion for Relief from Judgment and to enter the Second Amended Judgment because Dawson's and McLean's claims are moot because the Judgment, which was filed on September 11, 2007, is a "final" judgment that cannot be altered.

"Generally issues raised for the first time on appeal will not be considered." *State v. Rogers*, 140 Idaho 223, 227, 91 P.3d 1127, 1131 (2004). However, the issues of standing and mootness can be raised at any time, including for the first time on appeal. *See Hawkins v. Bonneville Cnty. Bd. of Comm'rs*, 151 Idaho 228, 231, 254 P.3d 1224, 1227 (2011); *In re Doe I*, 145 Idaho 337, 340, 179 P.3d 300, 303 (2008).

The district court had jurisdiction to hear the Motion for Relief from Judgment and to enter the Second Amended Judgment. Bach's arguments are unconvincing and not supported by authority. Limiting the scope of an inconsistent judgment that grants relief beyond what was sought in a complaint is the type of error that motions under I.R.C.P. 60(b) were intended to address. *See* I.R.C.P. 60(b) (stating that upon a motion, the courts may relieve a party from a final judgment for error based on, among other things, mistake, excusable neglect, or any other reason justifying relief from the operation of the judgment). Bach's arguments on jurisdiction are incorrect and frivolous.

**D.    Bach Is Not Entitled to Attorney's Fees on Appeal**

Bach requests attorney's fees pursuant to I.C. § 12-121. Because Bach is not the prevailing party on appeal and because Bach is representing himself, this Court denies his request. *See Bowles v. Pro Indiviso, Inc*., 132 Idaho 371, 377, 973 P.2d 142, 148 (1999).

**E.    Dawson Is Entitled to Attorney's Fees on Appeal**

Dawson contends that he is entitled to attorney's fees pursuant to I.C. § 12-121 and I.A.R. 11.1 because Bach pursued his appeal frivolously, as harassment, and in order to increase the cost of litigation.

Idaho Code section 12-121 provides in relevant part:

> In any civil action, the judge may award reasonable attorney's fees to the prevailing party or parties, provided that this section shall not alter, repeal or amend any statute which otherwise provides for the award of attorney's fees.

Attorney's fees are awarded under this statute only when "the action was brought or pursued frivolously, unreasonably or without foundation." *Baker v. Sullivan*, 132 Idaho 746, 751, 979 P.2d 619, 624 (1999).

Because all of Bach's claims are waived, frivolous or unsupported by argument or authority, Dawson is entitled to attorney's fees. Considering this Court's prior decision in *Dawson v. Cheyovich Family Trust* and the district court's Second Amended Judgment, Bach's claims are not well grounded in fact or law. Based on the nature of Bach's claims and his general inability to provide coherent argument or authority, this suit can only be interpreted as a means to increase the costs of litigation and to harass. Because Dawson is entitled to attorney's fees pursuant to I.C. § 12-121, this Court will not address the issue of whether Bach should be sanctioned.

## VI. CONCLUSION

Because all of Bach's claims are either frivolous or waived, this Court affirms the Second Amended Judgment. Dawson is awarded attorney's fees and costs on appeal.

Chief Justice BURDICK, Justices EISMANN, J. JONES and HORTON CONCUR.