## IN THE SUPREME COURT OF THE STATE OF IDAHO

### Docket Nos. 39077/39078/39079

| | | |
|---|---|---|
| CHRISTOPHER F.F. HOPPER, an individual and as guardian ad litem for C.H., a minor child, | ) ) ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| JOSEPH F. and BETTE P. HOPPER, husband and wife, | ) ) | Boise, September 2013 Term |
| | ) | 2013 Opinion No. 116 |
| Plaintiffs-Appellants, | ) | |
| v. | ) | Filed: November 26, 2013 |
| | ) | |
| SUZANNE E. SWINNERTON, LARRY KOLB, DEENA KOLB, GERALD SWINNERTON, BETTY SWINNERTON, EMILY LANIER, CHRISTINA GENTRY, CAROLYN STEVENS, and DOES 1 THROUGH 10, | ) ) ) ) ) ) ) | Stephen W. Kenyon, Clerk |
| | ) | |
| Defendants-Respondents. | ) | |
| _____ | ) | |

Appeal from the District Court of the Fourth Judicial District of the State of Idaho, Ada County.  Hon. Ronald J. Wilper, District Judge.

The judgment of the district court is affirmed.

Christopher F.F. Hopper, Boise, appellant pro se.

Christopher F.F. Hopper, Boise, argued for appellants Joseph Hopper and Bette Hopper.

Kulchak & Associates, Boise, for respondent Suzanne E. Swinnerton. J. Michael Kulchak argued.

David H. Leroy, Boise, for respondent Christina Gentry.

Moore Smith Buxton & Turcke, Chtd., Boise, for respondents Gerald Swinnerton, Betty Swinnerton and Emily Lanier.

Smith Horras, P.A., Boise, for respondents Larry and Deena Kolb. William L. Smith argued.

Capitol Law Group, PLLC, Boise, for respondent Carolyn Stevens. Robert T. Wetherell argued.

_____

J. JONES, Justice.

This appeal arises out of a divorce and custody dispute between Christopher Hopper and Suzanne Swinnerton. In 2005, Christopher filed suit on his own behalf, as well as that of his son and parents, against his wife, Suzanne, her parents, her Montana attorney, and other individuals, alleging a variety of claims sounding in tort. The district court dismissed all claims on summary judgment. Christopher filed a timely appeal on behalf of all Appellants.

## I.
## BACKGROUND

Christopher Hopper and Suzanne Swinnerton married in 1999. In early 2003, they had a baby boy, C.H., while living in Idaho. Shortly after C.H. was born, Suzanne traveled to Washington State to visit her father and step-mother, Gerald and Betty Swinnerton. She then traveled to Stevensville, Montana, to visit her mother, Emily Lanier. In June 2003, Suzanne and C.H. returned to Boise, staying with Suzanne's friends Deena and Larry Kolb. In mid-June, with the help of Christina Gentry and Deena Kolb, Suzanne packed her belongings and moved to Montana, taking C.H. with her. Once in Montana, Suzanne retained a lawyer, Carolyn Stevens, and on June 20, 2003, in Ravalli County, Montana, Suzanne filed a petition for a domestic violence protection order against Christopher. That order was entered and served upon Christopher on June 24, 2003.

On June 26, 2003, Suzanne filed a petition for divorce in Missoula County, Montana. Christopher then filed for divorce in Ada County on June 27, 2003. The Ada County magistrate court entered an order granting temporary custody of C.H. to Suzanne in Montana and both Montana petitions were dismissed. Suzanne and Christopher then stipulated to a divorce and agreed upon a division of their community property and debts. The custody issue was tried before the magistrate court on April 13, 2004, and on June 2, 2004 the trial court issued an order granting sole legal and physical custody to Suzanne, subject to visitation by Christopher.

Christopher appealed to this Court. In *Hopper v. Hopper*, we reviewed and overturned the magistrate court's decision to grant custody to Suzanne, remanding the case for a new custody determination. 144 Idaho 624, 167 P.3d 761 (2007). As a result of that remand, an order was entered in July 2008, awarding Suzanne and Christopher joint legal and physical custody of C.H.

Christopher initiated the case at hand in June of 2005, after the original custody determination but before filing his appeal to the Supreme Court. Christopher brought the suit on behalf of himself, his son, and his parents, Joseph and Bette Hopper. Based on the above facts, Christopher asserted causes of action against Suzanne, her father Gerald Swinnerton, her mother Emily Lanier, her step-mother Betty Swinnerton, her Montana lawyer Carolyn Stevens, and her friends Larry and Deena Kolb and Christina Gentry for: (1) tortious interference with a parent-child relationship; (2) tortious interference with a grandparent-child relationship; (3) intentional infliction of emotional distress; (4) alienation of affections of child and/or malicious interference with family relations; (5) fraud; (6) defamation; (7) parental kidnapping and child custodial interference/ negligence per se under I.C. § 18-4506; and (8) civil conspiracy.

On April 7, 2006, the district court issued an order granting summary judgment on several claims. Specifically, the court:

1. Dismissed claims against Gerald Swinnerton, Betty Swinnerton, and Emily Lanier for lack of personal jurisdiction.
2. Dismissed C.H. as a plaintiff because it found that Christopher did not have standing to bring a lawsuit on C.H.'s behalf.
3. Disqualified Christopher from representing his parents.
4. Granted summary judgment on Appellants' claims against all of the Respondents for alienation of affections of a child, malicious interference with family relations, and civil conspiracy.
5. Granted summary judgment on Appellants' claims as to Suzanne Swinnerton and Christina Gentry for defamation and the claims under I.C. § 18-4506.

In May 2006, the district court issued a stay of proceedings pending this Court's resolution of *Hopper v. Hopper*. The district court lifted the stay on October 30, 2008. Multiple motions were pending at that time, and one of those motions involved the production of Ms. Stevens's legal files. On September 1, 2009, the district court issued a notice of an in camera review, stating that it had reviewed Ms. Stevens's files and found that those files were privileged and contained nothing discoverable by Christopher.

The Appellants moved for summary judgment on all remaining claims, and in an order entered on April 18, 2011, the district court granted the same. Specifically, the court:

1. Struck certain affidavit evidence submitted by Christopher.
2. Found that Joseph and Bette Hopper did not have standing to assert their claims.
3. Granted summary judgment on Appellants' claims against all Respondents for fraud.
4. Granted summary judgment on Appellants' claims against all Respondents for intentional infliction of emotional distress.
5. Granted summary judgment on Appellants' claims against the Kolbs and Carolyn Stevens for defamation and the I.C. § 18-4506 claims.

The district court entered judgment dismissing the case and awarding all the Respondents their attorney fees and costs. The Appellants filed a timely appeal.

## II.
## STANDARD OF REVIEW

When reviewing a trial court's grant of a motion for summary judgment, "this Court applies the same standard of review used by the district court in ruling on the motion." *Mortensen v. Stewart Title Guar. Co.*, 149 Idaho 437, 441, 235 P.3d 387, 391 (2010). The Court exercises free review over questions of law. *Rhoades v. State*, 149 Idaho 130, 132, 233 P.3d 61, 63 (2010).

A "trial court does not abuse its discretion if it (1) correctly perceives the issue as discretionary, (2) acts within the bounds of discretion and applies the correct legal standards, and (3) reaches the decision through an exercise of reason." *O'Connor v. Harger Constr., Inc.*, 145 Idaho 904, 909, 188 P.3d 846, 851 (2008).

The Court will not consider claims on appeal that are not supported with relevant argument and authority. As the Court outlined in *Bach v. Bagley*:

> We will not consider an issue not "supported by argument and authority in the opening brief." *Jorgensen v. Coppedge*, 145 Idaho 524, 528, 181 P.3d 450, 454 (2008); *see also* Idaho App. R. 35(a)(6) ("The argument shall contain the contentions of the appellant with respect to the issues presented on appeal, the reasons therefor, with citations to authorities, statutes and parts of the transcript and the record relied upon."). Regardless of whether an issue is explicitly set forth in the party's brief as one of the issues on appeal, if the issue is only mentioned in passing and not supported by any cogent argument or authority, it cannot be considered by this Court. *Inama v. Boise County ex rel. Bd. of Comm'rs*, 138 Idaho 324, 330, 63 P.3d 450, 456 (2003) (refusing to address a constitutional

4

takings issue when the issue was not supported by legal authority and was only mentioned in passing).

Where an appellant fails to assert his assignments of error with particularity and to support his position with sufficient authority, those assignments of error are too indefinite to be heard by the Court. *Randall v. Ganz*, 96 Idaho 785, 788, 537 P.2d 65, 68 (1975). A general attack on the findings and conclusions of the district court, without specific reference to evidentiary or legal errors, is insufficient to preserve an issue. *Michael v. Zehm*, 74 Idaho 442, 445, 263 P.2d 990, 993 (1953). This Court will not search the record on appeal for error. *Suits v. Idaho Bd. of Prof'l Discipline*, 138 Idaho 397, 400, 64 P.3d 323, 326 (2003). Consequently, to the extent that an assignment of error is not argued and supported in compliance with the I.A.R., it is deemed to be waived. *Suitts v. Nix*, 141 Idaho 706, 708, 117 P.3d 120, 122 (2005).

148 Idaho 784, 790, 229 P.3d 1146, 1152 (2010).

## III.
## ANALYSIS

Christopher filed three separate opening briefs on appeal—one for himself and one for each of his parents. Each of the briefs presented the exact same issues on appeal. In response to Christopher's motion to submit oversized briefs, the Court granted leave for an additional six pages of briefing among the three briefs. Rather than submitting three briefs particularized to each Appellant, Christopher used the opportunity to submit 156 pages of briefing directed to the issues he raised in his own personal brief. That is, Christopher's brief contains a statement of the case and a discussion of a discreet part of the numerous issues raised on appeal, Joseph's brief incorporated Christopher's statement of the case and dealt with another discreet portion of the issues raised on appeal, and Bette's brief incorporated Christopher's statement of the case and dealt with the remaining issues on appeal. In effect, Christopher submitted a combined opening brief 156 pages in length, while only obtaining leave of Court to submit six additional pages.

As will be disclosed below, the length of the briefing has produced little benefit for Christopher. With few exceptions, he has failed to properly identify issues and support them with relevant citations to authorities, statutes, and parts of the transcript and record upon which he relies. We will address those issues that can be discerned from his briefing. We find no merit to the substantive causes of action he alleges, either because Idaho law does not recognize such claims or because he has failed to support them with adequate evidence, argument or authorities.

**A. The district court correctly ruled on the evidentiary issues.**

Appellants argue that the district court abused its discretion when it struck the affidavit of Dr. Stephenson, which had been submitted by Christopher, and exhibit 20 of Christopher affidavit. Whether an affidavit in support of a motion for summary judgment is admissible "is a threshold question to be answered before applying the liberal construction and reasonable inferences rule to determine whether the evidence is sufficient to create a genuine issue for trial." *J-U-B Eng'rs v. Sec. Ins. Co. of Hartford*, 146 Idaho 311, 314–15, 193 P.3d 858, 861–62 (2008). Under Idaho Rule of Civil Procedure 56(e), "[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." I.R.C.P. 56(e). This Court reviews a trial court's determination of the admissibility of "testimony offered in connection with a motion for summary judgment" under an abuse of discretion standard. *Gem State Ins. Co. v. Hutchison*, 145 Idaho 10, 15, 175 P.3d 172, 177 (2007).

Here, the district court correctly perceived the admissibility of the affidavit evidence as discretionary because it stated that "[a]dmissibility of evidence is a matter within the Court's discretion." The court applied the correct legal standards because it analyzed the admissibility of the affidavits under I.R.C.P. 56(e). The court reached its decisions through the exercise of reason because it explained the deficiencies of the affidavit evidence and the reasons why those deficiencies rendered the evidence inadmissible. The district court held that exhibit 20, which contained "eight (8) nonconsecutive pages from Dr. Stephenson's report," was inadmissible because it was so "incomplete" and "out of context" that the district court could not "ascertain its relevance or whether a proper foundation has been laid for its contents." The district court also found that the submission of Dr. Stephenson's affidavit was "untimely" because it was submitted late and without good cause. Thus, because the district court correctly identified these evidentiary decisions as calling for the exercise of its discretion, acted within the boundaries of its discretion and consistent with the applicable legal standards, and reached its decisions by an exercise of reason, it did not abuse its discretion in striking Dr. Stephenson's affidavit and exhibit 20 of Christopher's affidavit.

**B. The district court properly dismissed the claims for alienation of affections of child and malicious interference with family relations.**

Appellants argue that the district court erred when it refused to recognize "a cause of action for alienation of affections of [a] child and malicious interference with family relations."

6

To the extent that Appellants' arguments are discernible, Appellants apparently rely on *Shields v. Martin*, 109 Idaho 132, 706 P.2d 21 (1985), to suggest that Idaho already does, or should, recognize the torts of alienation of affections of a child and malicious interference with family relations. In *Shields*, a custodial father brought a tort action against a police officer and the mother of his child because the mother abducted the child with the police officer's help and absconded, taking the child with her. *Id.* at 133–34, 706 P.2d 22–23. There, the father recovered on theories of negligence and intentional infliction of emotional distress. *Id.* at 134–36, 706 P.2d at 23–25. On appeal, this Court only considered issues relating to the mother and police officer's joint and several liability and the officer's liability under § 1983. *Id.* at 136, 706 P.2d at 25. Thus, Appellants mischaracterize *Shields* when they cite it as support for their contention that the "child-snatching tort has been recognized in Idaho." Instead, the causes of action in *Shields* fall within Idaho's existing tort framework. Because causes of action for alienation of affections of a child and malicious interference with family relations do not exist in Idaho, the district court properly granted summary judgment on these claims.

### C. The district court correctly ruled that I.C. § 18-4506 does not give rise to a cause of action for damages.

Appellants argue that the district court erred when it refused to recognize their claims for a private cause of action or negligence per se under Idaho Code § 18-4506. Section 18-4506 criminalizes child custody interference but does not expressly provide for civil relief.

Under § 18-4506, a person is guilty of child custody interference if the person "intentionally and without lawful authority:"

> (a) Takes, entices away, keeps or withholds any minor child from a parent or another person or institution having custody, joint custody, visitation or other parental rights, whether such rights arise from temporary or permanent custody order, or from the equal custodial rights of each parent in the absence of a custody order; or
> (b) Takes, entices away, keeps or withholds a minor child from a parent after commencement of an action relating to child visitation or custody but prior to the issuance of an order determining custody or visitation rights.

I.C. § 18-4506.

"When a legislative provision protects a class of persons by proscribing or requiring certain conduct but does not provide a civil remedy for the violation, the court may" create a new cause of action in favor of "an injured member of the class . . . using a suitable existing tort action or a new cause of action analogous to an existing tort action." *Yoakum v. Hartford Fire*

7

*Ins. Co.*, 129 Idaho 171, 176, 923 P.2d 416, 421 (2007) (quoting Restatement (Second) of Torts § 874A (1979)). The Court may create a cause of action if "the remedy is appropriate in furtherance of the purpose of the legislation and *needed to assure the effectiveness of the provision . . . ." Id.* (quoting Restatement (Second) of Torts § 874A) (emphasis in original).

Appellants rely on *Yoakum* in support of their argument that a private cause of action for enforcement of § 18-4506 is needed. This reliance is misguided. In *Yoakum*, the Court explained that "in determining whether a statute impliedly authorizes a private cause of action, the focus of our inquiry is whether the legislature intended to create such a private remedy." *Id.* Without "strong indicia of a contrary legislative intent, courts must conclude that the legislature provided precisely the remedies it considered appropriate." *Id.* Thus, unless there is an "indication that providing an additional civil remedy is necessary to assure the effectiveness" of a statute, the courts will refrain from creating a private right of action. *Id.*

Appellants argue that "there is every indication that the legislature would approve of a private cause of action," but fail to provide any example of what these indications might be, except to say that "[t]he legislature intended for the statute to be enforced." The legislature did intend for § 18-4506 to be enforced—it is a criminal statute providing felony sanctions for violators. Therefore, the district court properly refused to recognize a private cause of action under § 18-4506.

In certain circumstances, a plaintiff may recover under the theory of negligence per se. To determine whether a defendant's violation of a statute constitutes negligence per se, the statute must "(1) clearly define the required standard of conduct; (2) the statute or regulation must have been intended to prevent the type of harm the defendant's act or omission caused; (3) the plaintiff must be a member of the class of persons the statute or regulation was designed to protect; and (4) the violation must have been the proximate cause of the injury." *Ahles v. Tabor*, 136 Idaho 393, 395, 34 P.3d 1076, 1078 (2001), *abrogated on other grounds by Verska v. St. Alphonsus Reg'l Med. Ctr.*, 151 Idaho 889, 265 P.3d 502 (2011). Thus, as a threshold matter, the defendant must have violated the statute. Here, the district court found that "none of the Defendants have been convicted under, or otherwise found in violation" of § 18-4506. Although Appellants are correct that "[i]n its consideration of a motion for summary judgment, the court is authorized to determine whether there is an issue to be tried, but not to try the issue," Appellants

8

have failed to present even a scintilla of evidence demonstrating that there is a triable issue as to whether Respondents violated § 18-4506.

The only argument that Appellants make regarding whether any of the Respondents violated § 18-4506 is to state that Suzanne "had committed the very conduct that Idaho Code § 18-4506 proscribes," and then offer a lengthy quotation from the magistrate court's 2004 decision relating to Suzanne's actions leading up to the divorce and custody proceedings between Christopher and Suzanne.[1] That decision did not address or even appear to contemplate § 18-4506. Thus, appellants have failed to present even a scintilla of evidence as to whether any of the Respondents violated § 18-4506. As a result, Respondents were entitled to summary judgment on the issue of negligence per se.

### D. The district court properly dismissed the fraud claims.

Appellants argue that the district court erred when it granted summary judgment to Respondents on the issue of fraud. "Fraud requires: (1) a statement or a representation of fact; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity; (5) the speaker's intent that there be reliance; (6) the hearer's ignorance of the falsity of the statement; (7) reliance by the hearer; (8) justifiable reliance; and (9) resultant injury." *Lettunich v. Key Bank Nat. Ass'n*, 141 Idaho 362, 368, 109 P.3d 1104, 1100 (2005). As explained by the district court, even though Christopher was "the non-moving party, a failure to show proof of any one of the elements as to any one of the defendants would be fatal to that individual claim."

Here, Appellants argue that they "specifically allege[d] false and fraudulent activity and statements by Defendant Suzanne Swinnerton and by other Defendants whom the Complaint specifically recites acted for her and on her behalf." The Complaint, however, merely claims that "Defendants knowingly stated false material facts to Plaintiffs, who did not know the truth of the matter, with the intent that Plaintiffs rely on those falsehoods to their detriment, as Plaintiffs actually and reasonably did to their loss." Without specific supporting facts, these recitations are insufficient to withstand summary judgment.

Appellants apparently also argue that summary judgment was improper because, in their view, Respondents should have informed them about Suzanne's plans to abscond with C.H.

---

[1] In *Hopper v. Hopper*, this Court did state that Suzanne acted "in violation of I.C. § 18-4506" when she absconded with C.H. 144 Idaho at 627, 167 P.3d at 764. In their argument as to negligence per se, however, Appellants have not cited to this decision nor have they argued that this Court should consider it.

Appellants state that "[s]ilence may constitute fraud when a duty to disclose exists" and argue that "[s]everal Defendants were in positions of trust and confidence, particularly given their relationships as family or friends of Christopher and where they had information as to [C.H.] at critical points in Suzanne's attempt to abscond to Montana with him where Christopher and/or his parents contacted the Defendants to ask and asking them about the whereabouts of [C.H.] so as to permit his parenting by Plaintiffs." It is unclear which Respondents the Appellants believe had a duty to disclose or why Appellants believe that those Respondents had a duty to disclose. As stated by the district court, Appellants are "correct that silence may constitute fraud when a duty to disclose exists," but Appellants are "unable to cite Idaho caselaw in support of [their] proposition as related to the facts in this case."

Furthermore, Appellants have not provided any specific facts regarding a failure to disclose. For example, Appellants state that Respondents, "act[ed] in concert," to take C.H. to Montana, "while each was advising the Plaintiffs that it was not, in fact, happening, that any absence from the minor child was temporary, and that said minor child would remain, as he was, within the state of Idaho." Again, without specific supporting facts, these conclusions are insufficient to withstand summary judgment. Because Appellants have not provided any specific facts to show the elements of fraud, the district court did not err when it granted all Respondents summary judgment as to the fraud claim.

**E. The district court properly dismissed the claims for intentional infliction of emotional distress.**

Appellants argue that the district court erred when it granted summary judgment to all Respondents as to intentional infliction of emotional distress. Under Idaho tort law, "four elements are necessary to establish a claim of intentional infliction of emotional distress: (1) the conduct must be intentional or reckless; (2) the conduct must be extreme and outrageous; (3) there must be a causal connection between the wrongful conduct and the emotional distress; and (4) the emotional distress must be severe." *Edmondson v. Shearer Lumber Prod.*, 139 Idaho 172, 179, 75 P.3d 733, 740 (2003). To recover damages for emotional distress, Idaho law "clearly requires that emotional distress be accompanied by physical injury or physical manifestations of injury." *Brown v. Matthews Mortuary, Inc.*, 118 Idaho 830, 835, 801 P.2d 37, 42 (1990). The district court did not err when it granted summary judgment, because Appellants failed to present

10

more than a scintilla of evidence that the Respondents' conduct was intentional or extreme and outrageous, or that Appellants suffered severe emotional distress.

The Appellants fail to identify intentional actions taken by the Respondents. For example, Joseph's deposition testimony suggests that no Respondent acted intentionally towards him or his wife.

> Counsel for Carolyn Stevens: And is there anything that any of the defendants did to . . . cause you and your wife intentional infliction of emotional distress personally . . . ?
>
> Joseph: Would you repeat the question?
>
> Counsel: I guess it is kind of a wrap-up. Everything that has been done has been allegedly done to your son and not directly pointed at you and your wife; correct?
>
> Joseph: Correct.

Furthermore, Appellants generally fail to explain how Respondents engaged in extreme and outrageous conduct. Instead, their argument is littered with comments like "certain Defendants' publishing outrageous and extreme defamations as to Christopher and his parents were intentionally or recklessly inflictive of emotional distress." Indeed, Appellants identify only two specific actions that they claim were extreme and outrageous. First, they argue that Suzanne made "allegations [that] were lies designed to keep Christopher from [C.H.] indefinitely" when she filed a Petition for Temporary Order of Protection. Second, they argue that "Suzanne's agent, Deena Kolb, stole luggage from before" Appellants' eyes. Appellants do not provide any authority to suggest that Suzanne's or Mrs. Kolb's alleged conduct was extreme and outrageous.

Appellants fail to even mention whether they actually suffered any injury from this allegedly extreme and outrageous conduct, and a review of the record does not reveal any evidence to support a claim for emotional distress. For example, when Christopher deposed Bette, he ultimately had to prompt her for testimony regarding physical symptoms.

> Christopher: And did you have physical symptoms of emotional distress after learning about [Suzanne] absconding to Montana?
>
> Bette: Well, I'm pretty tough. But, of course, I had my religion. I knew God was with him. . . .
>
> Christopher: Now, you have stated previously that you felt physical symptoms following–
>
> Bette: I can't remember them, though. I don't think I did any throwing up.
>
> Christopher: Do you recall headaches? Do you recall loss of appetite?
>
> Bette: Just emptiness. And lack of injustice [sic]. . . .
>
> Christopher: Well, this is an important question, Mrs. Hopper. Because in Idaho physical manifestation is part of the allegations for the emotional distress

11

claim. Do you recall telling me that you felt a headache, and you felt stomach troubles, and you felt loss of appetite following [C.H's] kidnapping to Montana?

Bette: Yes.

Because Appellants fail to identify any emotional distress they may have suffered and fail to provide authority to support their claim that Respondents engaged in extreme and outrageous conduct, summary judgment was proper.

### F. The district court properly dismissed the defamation claims.

Appellants argue that the district court erred when it granted summary judgment on the issue of defamation. "In a defamation action, a plaintiff must prove that the defendant: (1) communicated information concerning the plaintiff to others; (2) that the information was defamatory; and (3) that the plaintiff was damaged because of the communication." *Clark v. The Spokesman Review*, 144 Idaho 427, 430, 163 P.3d 216, 219 (2007). Appellants have waived their defamation claim because they have not provided the Court with citations to the record and have not supported their arguments with propositions of law or authority.

For example, as to Mr. and Mrs. Kolb, Appellants claim that "Chris Bray told Christopher that the Kolbs had told him that Christopher and his parents were child abusers." Five pages later, the identity of Chris Bray still remains unclear but Appellants pick up the thread again to state that the district court "ruled in 2011 that statements of defamation told by the Kolbs to Chris Bray were not admissible evidence of hearsay." They then argue only that this decision was "erroneous and an abuse of discretion because so-called 'hearsay' evidence may be used to support claims of defamation and because of the admissibility of admissions of party opponents." This contention, which Appellants make without any context or reference to the record, is insufficient to allow this Court to conclude that summary judgment was erroneously granted to the Kolbs on the defamation claim. Because Appellants fail to provide the Court with legal authority or citations to the record to support their arguments, we will not consider this claim. *See, e.g., Suitts*, 141 Idaho at 708, 117 P.3d at 122.

### G. The district court did not err in striking the civil conspiracy claim.

Appellants argue that the district court improperly struck their claim for civil conspiracy. In striking the claim, the district court held that "civil conspiracy is not itself a claim for relief." (citing *McPheters v. Maile*, 138 Idaho 391, 395, 64 P.3d 317, 321 (2003) ("Civil conspiracy is not, by itself, a claim for relief.")) Indeed, in Idaho "[i]t is quite well settled that a conspiracy to

commit an actionable wrong is not in itself a cause of action." *Dahlquist v. Mattson*, 40 Idaho 378, 387, 233 P. 883, 886 (1925) (quotation marks omitted). Instead, "[w]rongful acts committed by conspirators resulting in injury alone give rise to a cause of action." *Id.* The district court is correct that civil conspiracy is not an independent cause of action. Furthermore, Appellants have not provided any substantive ground to support a conspiracy. Thus, the district court did not err in striking the civil conspiracy claim.

**H. The district court properly awarded attorney fees.**

Appellants argue that the district court abused its discretion when it awarded attorney fees and costs to all Respondents against Christopher, Bette, and Joseph. In a civil action, a judge has discretion to award reasonable attorney fees to the prevailing party. I.C. § 12–121. This discretion is not unlimited, an award of fees is only appropriate if "the action was brought or pursued frivolously, unreasonably or without foundation." *Baker v. Sullivan*, 132 Idaho 746, 751, 979 P.2d 619, 624 (1999).The party appealing a trial court's award of statutory fees bears the burden of demonstrating a clear abuse of discretion. *Berkshire Invs., LLC v. Taylor*, 153 Idaho 73, 80, 278 P.3d 943, 950 (2012). Appellants have failed to carry this burden.

Appellants argue that a definition of frivolous "cannot be rationally applied to this case," and then spend thirteen pages in their brief rehashing the record in an attempt to support this statement. Unrelated to any abuse of discretion on the part of the district court, this walk through the record actually provides an example of the frivolity of this litigation. As discussed in the previous sections, Appellants have failed to provide argument or legal authority to support their numerous claims. Instead, Appellants simply restate the record, again and again. Therefore, the district court did not abuse its discretion when it awarded attorney fees and costs to all Respondents.

**I. The remaining issues raised by Appellants are moot.**

Because Appellants have failed to raise any meritorious claims for relief, the remaining issues they assert on appeal are rendered moot and need not be addressed. Those issues are: (1) whether the district court erred in dismissing claims against Gerald Swinnerton, Betty Swinnerton, and Emily Lanier for lack of jurisdiction, (2) whether the court erred in holding that Christopher may not represent his parents as counsel in the district court proceedings, (3) whether the court erred in dismissing C.H. as a plaintiff, (4) whether the court erred in holding that Joseph and Bette lacked standing to pursue the complaint.

13

**J. Respondents are entitled to their attorney fees on appeal.**

The Respondents, excepting Christina Gentry who did not file a brief on appeal, seek an award of attorney fees under I.C. § 12-121. We will award attorney fees under this provision when a party's claims are "frivolous or unsupported by argument or authority." *McLean v. Cheyovich Family Trust*, 153 Idaho 425, 432, 283 P.3d 742, 749 (2012). Christopher has failed for those very reasons to prevail on any the numerous claims he brought against the Respondents in district court and then brought on appeal. Although Christopher may have been treated unfairly when Suzanne moved to Montana with C.H. and made her allegations against him, he obtained redress in *Hopper v. Hopper*. This appeal appears to driven more by vindictiveness and hurt feelings than by a sincere effort to obtain justice. Therefore, the Respondents are entitled to recover their attorney fees pursuant to I.C. § 12-121.

Because C.H. is a minor and bears no responsibility for initiating or pursuing this action, no award will be made against C.H. It is unfortunate that Christopher embroiled his parents as parties to this action but they are indeed parties and therefore bear responsibility for the actions they have permitted to be conducted by Christopher on their behalf. Thus, the fee award in favor of Respondents will be assessed against Christopher, Joseph and Bette Hopper.

## IV.
## CONCLUSION

We affirm the judgment of the district court and award attorney fees and costs on appeal to Suzanne E. Swinnerton, Larry Kolb, Deena Kolb, Gerald and Betty Swinnerton, Emily Lanier, and Carolyn Stevens.

Chief Justice BURDICK, and Justices EISMANN, and HORTON, and Justice Pro Tem SCHROEDER CONCUR.