440 P.2d 349

**BAUSCHER GRAIN, a partnership composed of Don Bauscher and Lloyd F. Barron, Plaintiff-Appellant,**

v.

**NATIONAL SURETY CORPORATION and H. B. Gillingham, Jr., dba B & G Supply, Defendants-Respondents.**

No. 10083.

Supreme Court of Idaho.

May 6, 1968.

Rehearing Denied May 15, 1968.

**230**

W. Bruce Bowler, Boise, for appellant.

Moffatt, Thomas, Barrett & Blanton, Boise, for respondent National Surety Corp., Walter E. Curnutt, Emmett, for respondent H. B. Gillingham, Jr.

McFADDEN, Justice.

This appeal is from a summary judgment granted pursuant to respondents' motion dismissing the action. The basis of respondents' motion for summary judgment was that the present action was res judicata by reason of the dismissal of a prior action.

Bauscher Grain, a partnership consisting of Don Bauscher and Lloyd F. Barron, is the plaintiff in the instant action. Prior to the filing of the present action, Don Bauscher, one of the members of the partnership, as the sole plaintiff instituted another action against the same defendants named in the instant action, based on the same set of facts as alleged in the complaint of the present action. The prior action was being tried before a jury when at the close of the evidence defendants moved the court for an involuntary dismissal. (I.R.C.P. 41(b)).

Defendants' motion for dismissal was granted by the trial court, the judgment and order of dismissal reciting:

"The case having been submitted, the defendants moved for an involuntary dismissal of the plaintiff's action on the ground that upon the facts and the law the plaintiff had shown no right to relief, the particular grounds specified for said motion being that the plaintiff's case demonstrated as a matter of law that plaintiff failed to prove a right to relief; that plaintiff failed to join indispensable parties; that said action was not brought in the name of the real party in interest; that plaintiff failed to plead and prove compliance with Title 53, Chapter 5,

Idaho Code, relating to the filing, pleading and proof of an assumed business name; and that plaintiff failed to prove his right, or the right of the partnership properly possessing the claim urged by plaintiff, to recover as an agent from the principal for payments voluntarily made by the agent to claimants against the principal without the authority of the principal, and the Court having taken the motion for involuntary dismissal under advisement and having fully considered the same and having determined said motion was well taken and should be granted, and the Court having orally and in open Court granted the motion as provided by Rule 41(b), Idaho Rules of Civil Procedure; * * *."

At the time of defendants' motion to dismiss the first case, appellant's attorney moved to amend the complaint by adding the name of Barron as a party plaintiff partner. The trial court denied this motion and stated:

"Mr. Bowler, because of the utter confusion of the status in this case I think it is too late. I don't think it is res judicata. I think another action can be brought in the name of the partnership and maybe a much more intelligent decision could be made on a lot better evidence, so I am going to grant the motion for an involuntary non-suit at this time on the failure to tie indispensable parties, and also on the ground that no claim has been shown."

The motion to dismiss under I.R. C.P. 41(b) as made by respondent in the first case, and as mentioned in the trial court's order and judgment of dismissal, quoted above, was a misapplication of that rule. The application of this provision for involuntary dismissal was dealt with by this court in Whitney v. Continental Life and Acc. Co., 89 Idaho 96, 403 P.2d 573 (1965). Therein this court pointed out that a 41(b) motion is not proper in a jury case, and that the motion will be treated as a motion for a directed verdict under I.R.C.P. 50(a). See Sano v. Pennsylvania R.R., 282 F.2d

936 (3d Cir. 1960), dealing with Federal Rule 41(b); Makowsky v. Povlick, 262 F.2d 13 (3d Cir. 1959). It is also true that findings of fact should be made when the court grants a 41(b) motion in a non-jury case. I.R.C.P. 52(a); Whitney v. Continental Life and Acc. Co., supra; see also Stratton v. Stratton, 87 Idaho 118, 391 P.2d 340 (1964). But findings of fact are unnecessary in a jury case under I.R.C.P. 50(a), as that motion deals only with an issue of law. In fairness to court and counsel it should be pointed out that the distinctions made by this court in the case cited above as to when a 41(b) motion is to be used as compared to a 50(a) motion, were not available to either court or counsel at that time.

■ From the record it is established that the procedure used by both court and counsel in employing the 41(b) motion in a jury case was improper as such motion should not be used in a jury case. It is further clear from the trial court's remarks that it did not wish to have the case dismissed with prejudice. The basis of the dismissal was a failure to join an indispensable party. Failure to join indispensable parties is not a decision on the merits and does not bar a later action. Costello v. United States, 365 U.S. 265, 81 S.Ct. 534, 5 L.Ed.2d 551 (1961).

Respondent asserts that I.R.C.P. 41(b) precludes the bringing of the instant action, because the judgment in the prior case did not recite that the dismissal was without prejudice as is required under I.R.C.P. 41(b). However, a dismissal for lack of an indispensable party is excepted from the operation of the rule, and in any event, the motion shall be treated as made under I.R.C.P. 50(a).

■ While ordinarily a directed verdict under I.R.C.P. 50(a) is a decision on the merits (see 5 Moore, Federal Practice § 50.03, at 2333 (2d ed. 1967) ), in the circumstances of this case, because of the initial error in application of I.R.C.P. 41(b) and the ambiguity as to just what the trial court had in mind in ruling on the motion, and having in mind the overriding policy to have issues between litigants decided on the merits, it is the conclusion of the court that the prior case was not res judicata.

■ Respondents assert that this court may not treat the motion to dismiss as one for a directed verdict, as no appeal was taken in the prior case and hence is conclusive. However, the fact that no appeal was taken does not prevent this court from examination of the record in the prior case to determine what was decided therein, since it is necessary to examine the prior decision to review the decision reached in the present case from which an appeal was taken. Pueblo De Taos v. Archuleta, 64 F.2d 807 (10th Cir. 1933).

■ During the course of the argument respondents raised a question as to appellant's failure to comply with Idaho Supreme Court Rule 35 which requires the transcript on appeal to contain a certificate as to papers used by the trial court on contested motions. However, respondents made no motion to dismiss the appeal prior to argument, and the transcript of the proceedings in the lower court is complete. Respondents make no contention that any papers were missing, and it does not appear that respondents were prejudiced by failure to have such certificate. Under these circumstances the appeal will not be dismissed. See Scheel v. Rinard, 91 Idaho 736, 430 P.2d 482 (1967); James v. State, 88 Idaho 172, 397 P.2d 766 (1964); Julien v. Barker, 75 Idaho 413, 272 P.2d 718 (1954).

The summary judgment is reversed and the cause remanded for further proceedings in conformity with the conclusions reached herein. Costs to appellant.

SMITH, C. J., and TAYLOR, McQUADE and SPEAR, JJ., concur.