28 P.3d 1004

**Mary C. HEGG, Plaintiff–Appellant,**

v.

**INTERNAL REVENUE SERVICE,
Defendant–Respondent.**

No. 26734.

Supreme Court of Idaho.

June 22, 2001.

See also 239 B.R. 833.

Dillion, Bosch, Daw & Bock, Chtd., Boise, for appellant. Leslie M. Bock argued.

United States Attorney's Office, Boise; United States Department of Justice, Washington, for respondent. Marion E.M. Erickson argued.

TROUT, Chief Justice.

This case presents a certified question from the United States District Court for the District of Idaho regarding whether debts incurred by one spouse through fraudulent conduct can be satisfied from community assets.

## I.

### FACTUAL AND PROCEDURAL BACKGROUND

David and Mary Hegg were married in Idaho in 1968. In 1986, they purchased a residence, which was community property under the laws of Idaho. In 1992, David obtained a $3 million refund from the IRS by filing a fraudulent joint income tax return. When the IRS discovered the fraud in June of 1992, it filed a lien on the Heggs' property, including the residence. The IRS has recovered all but $193,688.72 of the refund.

The Heggs were divorced in 1994, and Mary received the parties' community interest in the residence already encumbered by the IRS tax lien. In 1996, David was convicted of fraud. In 1997, Mary requested and received innocent spouse relief pursuant to Internal Revenue Code § 6013(e), meaning that she would not be held personally liable for David's fraud.

In March of 1998, Mary filed Chapter 13 bankruptcy. She then filed an adversary proceeding against the IRS in bankruptcy court claiming the tax lien was improper and should be removed. The bankruptcy court ruled in favor of the IRS, determining that this was a debt incurred during marriage and, therefore, the community was liable. Mary appealed to the United States District Court for the District of Idaho. There, Mary filed a motion to certify four state law questions to this Court. On June 13, 2000, the district court issued an order granting certification of one question. This Court accepted certification of the question by an Order issued August 7, 2000.

## II.

### CERTIFIED QUESTION

The question certified by the federal district court is as follows: "under Idaho law, if one spouse commits fraud during marriage and thereby incurs a debt, may community assets be reached to satisfy that debt even if the other spouse is completely innocent of the fraud and has no personal liability for the debt?"

## III.

### STANDARD OF REVIEW

United States courts may submit to the Idaho Supreme Court a certified question of law as to which there is no controlling precedent among the decisions of the Court. Idaho Appellate Rule 12.1. Because the question is one of law, this Court exercises free review. *See Adamson v. Blanchard,* 133 Idaho 602, 605, 990 P.2d 1213, 1216 (1999).

## IV.

### DISCUSSION

Fraud is a form of intentional tort. This Court has already held that debts incurred by one spouse's commission of an intentional tort can be satisfied out of community assets, even if the other spouse has no personal liability. *See Hansen v. Blevins,* 84 Idaho 49, 367 P.2d 758 (1962).

In *Hansen v. Blevins,* Mr. Blevins, who operated the community property bar, sprayed tear gas into the face of Hansen, a customer. Hansen sued Mr. Blevins for injuries to his eyes and received a judgment in

his favor. Mrs. Blevins was not a party to the damages action and there was no evidence she participated in the battery. When Hansen attempted to satisfy the judgment from community property assets, Mr. Blevins moved to quash the levy of execution. The district court denied the motion and Mr. Blevins appealed.

On appeal, Mr. Blevins argued "that the judgment, being a liability incurred by the husband, as the result of an intentional or malicious tort, [was] a separate debt of the husband, and that the community property [was] not liable therefore." *Id.* at 52–53, 367 P.2d at 761–62. We rejected Mr. Blevins characterization of the debt as separate based solely upon the nature of the tort.

It is not necessary to a decision in this case to determine whether community property is liable in all cases for the payment of obligations incurred by the tort of the husband. Here the record shows that the defendant committed the battery while he was actively and actually engaged in the management of the community business, and that what he did was intended to be for the protection of community property and in the interest of the community business. Under such circumstances the community is responsible for his acts.

*Id.* at 57, 367 P.2d at 762.

 In the case now before us, Mary makes a similar argument. Based upon a finding that Mary is an innocent spouse under the Internal Revenue Code and not personally liable for the fraud, she asks us to find that the debt cannot be satisfied out of community property. A determination of innocence which focuses on individual benefit, however, is not the same as a finding that the community did not benefit or participate. Here, the community did participate since the funds obtained from the fraud were generated from the filing of a joint tax return, signed by both Mary and David. Further, there is nothing in the record before us to indicate that the joint return involved income other than community property. Under *Hansen,* this is a community obligation for which the community is fully liable. We have not previously addressed the issue of whether the community is liable for all tort obligations, even those which might be characterized as separate, and because of the nature of the tort obligation in this case, it is not necessary for us to reach that issue here.

## V.

## CONCLUSION

Community assets may be reached to satisfy a debt incurred by one spouse's fraud committed during marriage even if the other spouse is completely innocent of the fraud and has no personal liability where the fraud benefits the community or occurs during the spouse's management of the community. No costs or fees are awarded.

Justices SCHROEDER, WALTERS, EISMANN and Justice Pro Tem HIGER, concur.