# IN THE SUPREME COURT OF THE STATE OF IDAHO
## Docket No. 39318

| | | |
|---|---|---|
| THOMAS H. ULRICH and MARY M. ULRICH, husband and wife, | ) ) ) | Idaho Falls, May 2013 Term |
| Plaintiffs-Respondents, | ) ) | 2013 Opinion No. 96 |
| v. | ) ) | Filed: August 28, 2013 |
| JOHN N. BACH and all parties claiming to hold title to the hereinafter described property, and all unknown claimants, heirs and devisees of the following property: | ) ) ) ) ) ) | Stephen W. Kenyon, Clerk |
| A portion of the South ½ South ½ Section 6,Township 5 North, Range 46 East, Boise Meridian, Teton County, Idaho, being further described as: From the SW corner of said Section 6, South 89º50'12" East, 2630.05 feet to the true point of beginning; thence North 00º07'58" East, 813.70 feet to a point; then North 01º37'48" East, 505.18 feet to a point; then South 89º58'47" East, 1319.28 feet to a point; thence South 00º7'36" West, 1321.69 feet to a point on the Southern Section Line; thence North 89º51'01" West, 1320.49 feet along the Southern Section Line to the South ¼ Corner of said Section 6, a point; thence North 89º50'13" West, 12.13 feet along the Southern Section Line to the point of beginning. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants-Appellants. | ) ) | |

Appeal from the District Court of the Seventh Judicial District of the State of Idaho, Teton County. Hon. Darren B. Simpson, District Judge.

The judgment of the district court is <u>affirmed</u> in part and <u>vacated</u> in part and this case is <u>remanded</u> for further proceedings consistent with this Opinion.

1

Costs are awarded to Respondents.

John N. Bach, *pro se*, for Appellant.

Charles A. Homer, Idaho Falls, attorney for Respondents. Charles A. Homer argued.

---

W. JONES, Justice

## I. NATURE OF THE CASE

One year ago, we issued an opinion resolving a controversy concerning the ownership of forty acres of land known as the "Peacock Parcel" in Teton County, Idaho. *See McLean v. Cheyovich Family Trust*, 153 Idaho 425, 283 P.3d 742 (2012); *see also Dawson v. Cheyovich Family Trust*, 149 Idaho 375, 234 P.3d 699 (2010). In this case, Thomas H. Ulrich and Mary M. Ulrich (collectively "the Ulrichs") seek to quiet title to an easement over the Peacock Parcel, which is adjacent to land that they own (the "Ulrich Parcel"). The Peacock Parcel is owned by four parties. The Ulrichs brought suit against "all parties claiming to hold title" to the Peacock Parcel, but served only one of the owners, John N. Bach. The district court quieted title to the easement in the Ulrichs, declared the Ulrichs' easement to be superior to any right claimed by Bach, and enjoined Bach from interfering with their use of the easement. Bach timely appealed to this Court.

## II. FACTUAL AND PROCEDURAL BACKGROUND

In 1994, the Teton West Corporation sold two adjacent parcels of land in Teton County, Idaho. The Ulrich Parcel lies to the north. The Ulrichs purchased their parcel from an intermediary over the course of two separate transactions, the details of which do not affect the resolution of this case. The Peacock Parcel lies to the south. It was purchased by four parties who each obtained undivided one-fourth interests: Jack Lee McLean as trustee of the Jack Lee McLean Family Trust; Milan and Diana Cheyovich as trustees of the Cheyovich Family Trust; Wayne Dawson as trustee of the Dawson Family Trust; and Targhee Powder Emporium, an unregistered business entity that Bach used to conduct land transactions between 1992 and 2000. Bach is the only party who physically occupies the Peacock Parcel.

All of the relevant deeds state that there is a sixty-foot-wide road and utility easement appurtenant to the Ulrich Parcel (the dominant estate) over the western edge of the Peacock Parcel (the servient estate). Likewise, a plat that Bach submitted in support of his post-judgment

2

motions in this case clearly shows a "60' Road and Utility Easement" running along the western edge of the Peacock Parcel.

In 2001, Wayne Dawson and Jack Lee McLean filed suit (hereinafter "the 2001 Case") against the Cheyovich Family Trust and the Vasa N. Bach Family Trust to quiet title to the Peacock Parcel. 153 Idaho at 427, 283 P.3d at 744. Bach intervened in the 2001 Case, requesting a declaratory judgment that he was entitled to at least a one-fourth interest in the Peacock Parcel. *Id.* at 428, 283 P.3d at 745. In 2002, Bach initiated a parallel suit against Dawson and McLean (hereinafter "the 2002 Case"), seeking the same relief. *Id.*

In 2003, McLean died. *Id.* In 2004, a default judgment was rendered in the 2002 Case; it established that both Bach and Dawson had one-fourth interests in the Peacock Parcel. *Id.* In 2007, the district court also dismissed McLean's estate from the 2001 Case for lack of diligent prosecution, dismissed Dawson and McLean's Complaint with prejudice, and granted summary judgment in Bach's favor. *Id.* Oddly, the district court's judgment in the 2001 Case—which was authored by Bach—quieted title to three-fourths of the Peacock Parcel in Bach and one-fourth in the Cheyovich Family Trust. *Id.* In 2008, Dawson sought relief from the judgment in the 2001 Case on the grounds that it was contrary to the previously entered judgment in the 2002 Case. *Id.* That litigation eventually resulted in a judgment quieting title to four undivided one-fourth interests in the Peacock Parcel in Bach, Dawson, the Cheyovich Family Trust, and McLean by and through his personal representative. *Id.*

In the meantime, the Ulrichs decided to improve their easement. When they informed Bach of their plan in April of 2010, he denied them access. In August of 2010, the Ulrichs filed their Complaint in the district court against "JOHN N. BACH and all parties claiming to hold title to the [Peacock Parcel]." At that time, ownership of the Peacock Parcel was uncertain due to the conflicting judgments in the 2001 and 2002 Cases. This likely explains why the Ulrichs did not specifically name the other parties as defendants. The Ulrichs sought to quiet title to the easement and to enjoin Bach and the other defendants from interfering with their use of the easement. In November, Bach filed his Verified Answer and Counterclaims. This document alleged that the action should have been stayed until the other owners were joined as parties.

In March of 2011, the Ulrichs filed their Motion for Summary Judgment, which requested an order quieting title to their easement; a declaratory judgment stating that their easement was superior to any "interest held by Defendant John Bach"; an injunction "against

3

Defendant John Bach's interference" with their use of the easement; and an order dismissing all of Bach's counterclaims. In his briefing in opposition to the Motion for Summary Judgment, Bach argued the compulsory-joinder issue with citations to authority and a modicum of clarity. The district court granted the Ulrichs' motion and entered judgment accordingly. After the district court denied Bach's post-trial motions he timely appealed to this Court.

## III. ISSUES ON APPEAL[1]

A.    Did the district court err by declining to order the Ulrichs to join Bach's co-owners as defendants?

B.    Are the Ulrichs entitled to an award of attorney fees on appeal?

## IV. ANALYSIS

**A.    The district court did not err by declining to order the Ulrichs to join Bach's co-owners as defendants.**

Compulsory joinder is governed by the first two subdivisions of I.R.C.P. 19(a).[2] Subdivision (1) describes those persons who must be joined if feasible. If and only if a person

---

[1]    Bach's Notice of Appeal and appellate briefs raise a plethora of issues that are not supported with both cogent arguments and citations to applicable authority. As Bach is well aware, we have steadfastly refused to consider such issues. *See McLean v. Cheyovich Family Trust*, 153 Idaho 425, 430, 283 P.3d 742, 747 (2012); *Dawson v. Cheyovich Family Trust*, 149 Idaho 375, 382–83, 234 P.3d 699, 706–07 (2010); *Liponis v. Bach*, 149 Idaho 372, 374–75, 234 P.3d 696, 698–99 (2010); *Bach v. Bagley*, 148 Idaho 784, 790–91, 229 P.3d 1146, 1152–53 (2010).

In an apparent reference to the issues that he listed in his opening brief but entirely failed to analyze, Bach states that: "The remaining ISSUES . . . are not withdrawn nor waived or abandoned, as both the health of appellant and his physicall [*sic*] proclivities have precluded him, [*sic*] from competeng [*sic*] his arguemtsnand [*sic*] analysis of citations, cases and statutes, etc." Bach's mere say-so cannot resurrect waived issues. If illness prevented Bach from completing his opening brief, he should have timely requested an extension. *See* I.A.R. 34(e), 46.

There are two issues for which Bach debatably provided adequate support, but that have such little merit that they do not deserve a discussion in the main text of this opinion: (1) the Ulrichs are not entitled to injunctive relief because they have an adequate remedy at law; and (2) the Ulrichs' easement was extinguished pursuant to the doctrine of merger.

First, "[e]quitable claims will not be considered when an *adequate* legal remedy is available." *Iron Eagle Dev., LLC v. Quality Design Sys., Inc.*, 138 Idaho 487, 492, 65 P.3d 509, 514 (2003) (emphasis added). Bach refuses to say what the adequate legal remedy is and offers no argument other than to say that there is one. Presumably the Ulrichs' legal remedy would be money damages. However, such damages cannot be awarded for Bach's future interference with the easement where it is wholly speculative whether such interference will take place. *See Hurtado v. Land O'Lakes, Inc.*, 153 Idaho 13, 21, 278 P.3d 415, 423 (2012). Thus, the Ulrichs have no legal remedy at all, much less an adequate one.

Second, "[a]s it pertains to easements, the doctrine of merger provides that when the land burdened by the easement and the land benefited by the easement come into common ownership, the need for the easement is destroyed and the easement is extinguished." *Brush Creek Airport, L.L.C. v. Avion Park, L.L.C.*, 57 P.3d 738, 747 (Colo. App. 2002); *see also Davis v. Gowen*, 83 Idaho 204, 210, 360 P.2d 403, 406 (1961). That doctrine is inapposite because the Ulrich and Peacock parcels never came into common ownership after the easement was created.

[2]    (a)(1) *Persons to Be Joined if Feasible.* A person who is subject to service of process shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the

4

described in subdivision (1) cannot be joined as a party, the court must consider whether the person is "indispensable" under subdivision (2). Thus, "indispensable" persons under subdivision (2) are a smaller subset of "persons who must be joined if feasible" under subdivision (1). *See Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 118–19 (1968). The district court inaptly phrased its decision in terms of indispensability. However, it is apparent from the court's reasoning that it was actually considering whether the absent co-owners were persons who should have been joined if feasible under subdivision (1).

We have previously held that a district court's determination of whether a person is indispensable is discretionary. *See Indian Springs LLC v. Indian Springs Land Inv., LLC*, 147 Idaho 737, 747, 215 P.3d 457, 467 (2009) (citing *Utter v. Gibbins*, 137 Idaho 361, 366, 48 P.3d 1250, 1255 (2002)). A district court's determination of whether a person must be joined if feasible is also discretionary, at least so long as it rests on factual grounds. *See Janney Montgomery Scott, Inc. v. Shepard Niles, Inc.*, 11 F.3d 399, 403–04 (3d Cir. 1993). "When this Court considers whether a trial court has abused its discretion, the standard is whether the court perceived the issue as one of discretion, acted within the outer boundaries of its discretion and consistently with the legal standards applicable to the specific choices available to it, and reached its decision by an exercise of reason." *Magleby v. Garn*, 154 Idaho 194, 196–97, 296 P.3d 400, 402–03 (2013) (citation and quotation marks omitted).

Subdivisions (a)(1)(1) and (a)(1)(2)(ii) are clearly inapplicable here. Complete relief was accorded between the Ulrichs and Bach despite the co-owners' absence, and neither the Ulrichs nor Bach were exposed to inconsistent obligations. This leaves only (a)(1)(2)(i), which requires

---

action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. If the person has not been so joined, the court shall order that the person be made a party. If the person should join as a plaintiff but refuses to do so, the person may be made a defendant, or, in a proper case, an involuntary plaintiff.

(2) *Determination by Court Whenever Joinder Not Feasible.* If a person as described in subdivision (a)(1)–(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

a person's joinder if he both "claim[ed] an interest relating to the subject of the action" and also his ability to protect that interest could be impaired or impeded as a practical matter due to his absence from the lawsuit. Under the circumstances of this case, the district court did not abuse its discretion in holding that the absent co-owners' interests would not be impaired or impeded as a practical matter by their absence. The record plainly shows that this was a dispute between the Ulrichs and Bach only; Bach never presented any evidence to the contrary.

The troublesome issue in the case pertains to the quiet title action portion of it. Although the caption of the case and a portion of the motion for summary judgment indicated respondents were attempting to quiet title in the easement against all persons claiming any interest in the property and all unknown claimants, a quiet title action is not the proper mechanism to attain the goal that the Ulrichs seek. The principal focus of their action was to prevent interference by Bach with their easement rights. By virtue of the previous litigation, it is known what Bach's property rights are—he is the owner of an undivided one-fourth interest in the Peacock Parcel. *McLean*, 153 Idaho at 432, 283 P.3d at 749. It is uncontested in this litigation that the Ulrichs own a 60-foot-wide road and utility easement over and across the west side of the Peacock Parcel. The Ulrichs are the owners of the dominant estate and Bach is the owner of an undivided one-fourth interest in the servient estate. It is clear that Bach has no grounds to interfere with the Ulrichs' use and enjoyment of their easement.

As previously noted, Bach was properly served and participated in the litigation. The court had full jurisdiction and authority to adjudicate the issues pertaining to the request for an injunction against his interference with the planned development of the easement as well as to issue a declaratory judgment that Ulrichs' easement was superior to any interest of Bach and to dismiss Bach's counterclaims. The evidence clearly establishes the existence of the easement by all of the relevant deeds. The district court, having granted the declaratory judgment and issuing the injunction against Bach, had no need to delve into the quiet title issue and we therefore vacate that portion of the judgment. With respect to the other issues, the district court did not abuse its discretion in refusing to join the other co-owners of the Peacock parcel.

### B. The Ulrichs are not entitled to attorney fees on appeal.

The Ulrichs request attorney fees on appeal pursuant to I.C. § 12-121, which permits the award of attorney fees to a prevailing party when the Court is left with the abiding belief that

6

the appeal is brought, pursued or defended friviously, unreasonably and without foundation. Although the Court affirms the judgment against Bach personally, the Court also vacates the judgment purporting to quiet title to the property, Since both parties prevail in part, no attorney fees are awarded.

## V. CONCLUSION

We affirm that portion of the district court's judgment granting an injunction against Bach, but vacate the portion of the judgment quieting title to the property. Costs are awarded to the Ulrichs.

Chief Justice BURDICK, Justices ESIMANN, J. JONES and HORTON CONCUR.