# IN THE SUPREME COURT OF THE STATE OF IDAHO
## Docket No. 45517

MONITOR FINANCE, L.C., a Utah limited
liability company; and FIRST CAPITAL
FUNDING, L.C., a Utah limited liability
company,

    Plaintiffs/Respondents,

v.

WILDLIFE RIDGE ESTATES, LLC, an
Idaho limited liability company,
Defendant/Appellant; M&S
DEVELOPMENT, LLC, an Idaho limited
liability company,

    Defendants.

WILDLIFE RIDGE ESTATES, LLC, an
Idaho limited liability company,

    Counter-Claimant/Appellant,

v.

MONITOR FINANCE, L.C., a Utah limited
liability company; and FIRST CAPITAL
FUNDING, L.C., a Utah limited liability
company,

    Counter-defendants/Respondents.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Pocatello, September 2018 Term

Filed: January 9, 2019

Karel A. Lehrman, Clerk

---

Appeal from the District Court of the Sixth Judicial District, State of Idaho,
Bannock County. Robert C. Naftz, District Judge.

The judgment of the district court is affirmed.

Hearn Law PLC, Pocatello, for appellant. A. Bruce Larson argued.

Cooper & Larsen, Chartered, Pocatello, for respondents. Ron Kerl argued.

_____

1

STEGNER, Justice.

This case involves the judicial foreclosure of a deed of trust encumbering real property in Pocatello, Idaho. Monitor Finance, L.C., and First Capital Funding, L.C., (collectively referred to as the Beneficiaries) are the holders of a deed of trust, which encumbers the real property claimed to be owned in fee simple by Wildlife Ridge Estates, LLC (Wildlife LLC).

Prior to this judicial foreclosure action being brought, Wildlife LLC filed suit against the Beneficiaries seeking to quiet title to the real property, which is subject to the Beneficiaries' deed of trust. In that previous action, Wildlife LLC alleged that the Beneficiaries no longer retained an interest in the property because the debt underlying the promissory note had been paid in full. By stipulation of the parties, that quiet title action was ultimately dismissed with prejudice.

Subsequently, the Beneficiaries initiated this action to foreclose the deed of trust based on their contention that the debt created by the promissory note had not been paid and was in default. The Beneficiaries moved the district court for summary judgment, contending that Wildlife LLC's affirmative defenses and counterclaim were barred by *res judicata* because the previous quiet title action brought by Wildlife LLC had been dismissed on its merits. The district judge granted the Beneficiaries' motion and denied Wildlife LLC's motion to reconsider. In doing so, the district court summarily dismissed Wildlife LLC's counterclaim and affirmative defenses. The district court ultimately entered summary judgment in favor of the Beneficiaries. Wildlife LLC now appeals that adverse summary judgment ruling, claiming, among other things, that the district court misapplied the doctrine of *res judicata*. For reasons set out in this opinion, we affirm the district court's decisions.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On December 29, 2005, Michael Millward (Millward) and Michael Williams (Williams) entered into a written agreement.[1] That agreement provided, among other things, that: M&S Development (M&S), a limited liability company wholly owned by Millward and his wife, would purchase real property (a forty lot subdivision in Pocatello) for $230,000. Following the payment, M&S would "own 55% of the development."[2] Millward and Williams would then each

---

[1] The document evidencing the agreement between Millward and Williams is entitled "Proposal for Mike Williams." The document was signed by Millward and Williams, and then notarized.

[2] While the agreement is silent regarding Williams' ownership following M&S's infusion of cash, Williams had been instrumental in the development of the property, both in arranging for its purchase and obtaining the platting of the property, which enabled it to be developed.

pay $25,000 to buy out a remaining third-party's interest in the property, which would result in M&S then owning 62.5% of the property, and Williams owning the remaining 37.5%. M&S would form a limited liability company for the development of the project, with "each party" being a manager of the LLC. The LLC that resulted from this agreement was Wildlife LLC. Millward and Williams became the managing members of Wildlife LLC upon its creation.

On December 30, 2005, (the next day) the Beneficiaries loaned Millward and M&S $244,000 to finance the purchase of the subject property.[3] As evidence of the loan, Millward and M&S made and issued a Trust Deed Note to the Beneficiaries. Millward signed the Trust Deed[4] on behalf of M&S, the sole trustor. As a result of their actions, both Millward and M&S were contractually obligated to repay the loan described in the Trust Deed Note. Pioneer Title Company (Pioneer) became the trustee and holder of the deed. On June 13, 2006, M&S deeded the subject property to Wildlife LLC.

On March 3, 2008, the Trust Deed Note was modified to include additional amounts loaned which totaled $217,400 (the modification). This additional loan was made in a series of advances by the Beneficiaries to Millward and M&S. Millward signed the modification on behalf of himself and M&S. He also signed on behalf of Wildlife LLC to acknowledge the modification. Williams, the other manager of Wildlife LLC, did not sign the modification.

On September 10, 2012, Millward filed for Chapter 7 Bankruptcy. Millward's bankruptcy filing resulted in an automatic stay precluding the commencement or active pursuit of an action against him personally. *See* 11 U.S.C. § 362(a). M&S was listed as community property, 100% owned by Millward and his wife, in the bankruptcy schedule. As a result, any action against M&S was also stayed. *See id.*

On March 12, 2015, Wildlife LLC filed an amended complaint in Bannock County district court to quiet title to the property (the first action). The suit named the Beneficiaries as defendants. That action did not include Millward or M&S as parties. In its amended complaint, Wildlife LLC alleged that the debt secured by the Trust Deed Note had been fully paid. As a result of the purportedly satisfied debt, Wildlife LLC requested that it be awarded a judgment quieting title in the property. Over a year later, Wildlife LLC stipulated to the dismissal of its

---

[3] The record does not explain the reason for the difference between what Millward agreed to pay in his agreement with Williams ($230,000) and what he borrowed from the Beneficiaries the next day to purchase the subject property ($244,000).
[4] The deed of trust is titled "Trust Deed, Assignment of Rents, Security Agreement and Fixture Filing."

amended complaint, with prejudice. On June 14, 2016, a judgment was entered dismissing Wildlife LLC's action with prejudice. (Nine days later, on June 23, 2016, Millward's bankruptcy case was closed.)

On October 7, 2016, the Beneficiaries filed the underlying judicial foreclosure action, naming Wildlife LLC and M&S as defendants. In their complaint, the Beneficiaries requested a judicial foreclosure sale of the property in order to satisfy the remaining debt under the promissory note. Millward was not named as a defendant.[5] Wildlife LLC answered on November 4, 2016, alleging a number of affirmative defenses, including a counterclaim asserting fraud, and requesting declaratory and injunctive relief. The Beneficiaries answered Wildlife LLC's counterclaim and asserted that Wildlife LLC's counterclaim and affirmative defenses were barred by *res judicata*, among other defenses. Subsequently, the Beneficiaries moved the district court for partial summary judgment, and on March 27, 2017, the district court issued its decision (first decision) granting that motion and dismissing Wildlife's affirmative defenses and counterclaim based on *res judicata*.

On March 30, 2017, the district court entered default against M&S for its failure to appear. On April 13, 2017, the Beneficiaries filed a second motion for summary judgment, requesting that the remaining issues be determined by the court. Those issues were whether an unpaid debt remained on the promissory note and the reasonable value of the property still encumbered by the deed of trust. Wildlife LLC opposed that motion and, in addition, submitted a motion for reconsideration in an attempt to reverse the district court's first decision that dismissed its counterclaim and affirmative defenses.

On June 14, 2017, the district court issued a Memorandum Decision and Order (second decision) denying Wildlife LLC's request for reconsideration and finding that an unpaid debt remained on the promissory note in the amount of $6,814,076.41. The district court did not establish a value for the property at that time.

The district court entered a Judgment, Decree of Foreclosure and Order of Sale. Wildlife LLC appeals from the district court's decisions granting summary judgment, foreclosing it from making its case, and allowing judgment to be entered in favor of the Beneficiaries.

## II. QUESTIONS PRESENTED ON APPEAL

---

[5] In their brief, the Beneficiaries wrote: "[u]pon the closing of his bankruptcy case Millward's discharge under 11 U.S.C[.] 3727 [sic] became final and [the Beneficiaries] were prohibited from pursuing him in the present action."

4

A. Were Wildlife LLC's affirmative defenses and counterclaim properly barred by the district court under the doctrine of *res judicata*?

B. Did the district court properly reject Wildlife LLC's claim that the Beneficiaries' foreclosure action was precluded by the applicable statute of limitations?

C. Did the district court properly conclude that *res judicata* did not apply to the Beneficiaries' foreclosure action?

D. If the Beneficiaries are the prevailing parties, are they entitled to attorney's fees under I.A.R. 41, Idaho Code section 12-120, or Idaho Code section 12-121?

## III.    STANDARD OF REVIEW

"This Court reviews a motion for summary judgment pursuant to the same standards as the district court." *Berkshire Invs., LLC v. Taylor*, 153 Idaho 73, 80, 278 P.3d 943, 950 (2012). "The court must grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." I.R.C.P. 56(a). "All reasonable inferences that can be drawn from the record are to be drawn in favor of the nonmoving party, and disputed facts are liberally construed in the nonmoving party's favor." *Marek v. Hecla, Ltd.*, 161 Idaho 211, 214, 384 P.3d 975, 978 (2016). Questions of law are reviewed *de novo*, and "[w]hether an action is barred by *res judicata* is a question of law." *Berkshire Invs.*, 153 Idaho at 80, 278 P.3d at 950.

"[W]hen reviewing a trial court's decision to grant or deny a motion for reconsideration, this Court utilizes the same standard of review used by the lower court in deciding the motion for reconsideration." *Fragnella v. Petrovich*, 153 Idaho 266, 276, 281 P.3d 103, 113 (2012). "When deciding the motion for reconsideration, the district court must apply the same standard of review that the court applied when deciding the original order that is being reconsidered." *Id.* As such, this Court reviews the district court's denial of Wildlife LLC's motion for reconsideration under the summary judgment standard. *Id.*

5

## IV. ANALYSIS

**A. Wildlife LLC's affirmative defenses and counterclaim were correctly barred by the application of *res judicata*.**

In its initial assignment of error, Wildlife LLC contends the district court erred in granting the Beneficiaries' motion for summary judgment and dismissing Wildlife LLC's affirmative defenses and counterclaim. Wildlife LLC asserts that the Beneficiaries, Millward, and M&S engaged in fraud, which, if true, could preclude the Beneficiaries from recovering on their claims.[6] The district judge granted the Beneficiaries' motion for summary judgment as to Wildlife LLC's affirmative defenses and counterclaim, finding that *res judicata* precluded Wildlife LLC from pursuing them.

"The doctrine of *res judicata* covers both claim preclusion (true *res judicata*) and issue preclusion (collateral estoppel)." *Ticor Title Co. v. Stanion*, 144 Idaho 119, 123, 157 P.3d 613, 617 (2007).

> Claim preclusion "bars a subsequent action between the same parties upon the same claim or upon claims 'relating to the same cause of action.'" Under this doctrine, a claim is also precluded if it could have been brought in the previous action, regardless of whether it was actually brought, where: (1) the original action ended in final judgment on the merits, (2) the present claim involves the same parties as the original action, and (3) the present claim arises out of the same transaction or series of transactions as the original action.

*Berkshire Invs.*, 153 Idaho at 81, 278 P.3d at 951 (citation omitted). When the three elements are established, claim preclusion bars "every matter offered and received to sustain or defeat the claim *but also as to every matter which might and should have been litigated* in the first suit." *Magic Valley Radiology, P.A. v. Kolouch*, 123 Idaho 434, 437, 849 P.2d 107, 110 (1993) (quoting *Joyce v. Murphy Land & Irrigation Co.,* 35 Idaho 549, 553, 208 P. 241, 242–43 (1922)) (italics added).

> Whether claim preclusion or issue preclusion bars relitigation between the same parties of a prior litigation is a question of law upon which this Court exercises free review. *Lohman v. Flynn*, 139 Idaho 312, 319, 78 P.3d 379, 386 (2003). *Res judicata* is an affirmative defense and the party asserting it must prove all of the essential elements by a preponderance of the evidence. *Foster v. City of St. Anthony*, 122 Idaho 833, 890, 841 P.2d 413, 420 (1992).

---

[6] While Wildlife LLC alleged fraudulent behavior on the part of Millward and M&S, the two do not appear in the caption relating to its counterclaim. Likewise, even though M&S was named as a defendant in the caption and pleadings by the Beneficiaries, Wildlife LLC did not assert a crossclaim against M&S.

*Ticor Title*, 144 Idaho at 122, 157 P.3d at 616.

The first issue regarding the applicability of *res judicata* is whether the "original action ended in final judgment on the merits." In this case, it did. On June 8, 2016, a Stipulation for Dismissal With Prejudice between Wildlife LLC and the Beneficiaries was filed in the quiet title action brought by Wildlife LLC. On June 14, 2016, Wildlife LLC's suit was dismissed, with prejudice, with each party bearing its own attorney's fees and costs. Because the case was dismissed with prejudice, the dismissal constituted a final judgment on the merits. *Maravilla v. J. R. Simplot Co.*, 161 Idaho 455, 458–59, 387 P.3d 123, 126–27 (2016).

The next issue regarding the applicability of *res judicata* is whether "the present claim involves the same parties as the original action." In the prior lawsuit, Wildlife LLC brought suit against First Capital Funding, L.C., and Monitor Finance, L.C. The present claim involves the same parties as the first action. As a result, this second element of the *res judicata* test has also been met.

The third element of *res judicata* is whether "the present claim arises out of the same transaction or series of transactions as the original action." In the original action, Wildlife LLC sought to quiet title to the identical property encumbered by the deed of trust given by M&S to the Beneficiaries. Hence, the present claim arises out of the same transaction as the original action. Consequently, all three elements necessary for *res judicata* to apply have been met.

Wildlife LLC next argues that *res judicata* does not apply to its counterclaim because fraud was never asserted in the first action, and a fraud claim could not have been asserted because Millward and M&S would have been "necessary parties" to it.[7] Wildlife LLC contends because Millward was in bankruptcy and M&S was an asset of Millward, neither could be joined due to the automatic stay. Wildlife LLC argues that without their participation, relief could not

---

[7] Wildlife LLC appears to argue that Millward and M&S would have been "required" and "indispensable" to a fraud claim being pursued during the pendency of its previous action under Rule 19 of the Idaho Rules of Civil Procedure. The current Rule 19 no longer employs the word "indispensable." This is due to Idaho's amendment mirroring the 2007 amendment of the federal rule that removed the word "indispensable" to make the rules "more easily understood . . . ." FED. R. CIV. P. 19 advisory committee's note to 2007 amendment. These alterations were "intended to be stylistic only." *Id.* The "indispensable" language is still routinely used by federal courts to mean a required party that could not be joined, and, after an application of Rule 19(b), its absence would bar further proceedings. *E.g.*, *Alabama-Quassarte Tribal Town v. United States*, 899 F.3d 1121, 1123 (10th Cir. 2018); *Fla. Wildlife Fed'n Inc. v. United States Army Corps of Engineers*, 859 F.3d 1306, 1316 (11th Cir. 2017). This use was contemplated by the rule itself. FED. R. CIV. P. 19 advisory committee's note to 2007 amendment ("'Indispensable' was used only to express a conclusion reached by applying the tests of Rule 19(b)."). Therefore, this Court will continue to use the "indispensable" party language as contemplated by the prior iterations of Rule 19 and the continued use of the word by the federal courts.

be attained. If Millward and M&S were indispensable parties necessary for Wildlife LLC to join, then *res judicata* would not apply. *See Bauscher Grain v. Nat'l Sur. Corp.*, 92 Idaho 229, 231, 440 P.2d, 349, 351 (1968) (citing *Costello v. United States*, 365 U.S. 265 (1961)).

Whether a party is "required" and subsequently "indispensable" is governed by I.R.C.P. 19. Under that Rule, a party is required to be joined if, the party is subject to service and

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Contrary to Wildlife LLC's argument, Millward and M&S were not required to be joined in the first action brought by Wildlife LLC even if it had asserted a fraud claim against the Beneficiaries at that time. Wildlife LLC now claims that it had been defrauded by Millward, M&S, and the Beneficiaries. While neither Millward nor M&S could have been joined as a party in the first action due to the stay in effect, it was not necessary to join them. Fraud is an action sounding in tort. *Hegg v. I.R.S.*, 136 Idaho 61, 62, 28 P.3d 1004, 1005 (2001) ("Fraud is a form of intentional tort."). "A victim of wrongdoing is not generally required to sue all the wrongdoers. Certainly not in a tort case, where the rule of joint and several liability reigns . . . ." *Rhone-Poulenc Inc. v. Int'l Ins. Co.*, 71 F.3d 1299, 1301 (7th Cir. 1995).

Because Wildlife LLC's fraud action could have proceeded against the Beneficiaries in the first action, despite the absence of Millward and M&S, *res judicata* applies in this action. Wildlife LLC's argument that the district court erred in finding *res judicata* applied is not correct. The district court properly concluded *res judicata* applied and therefore summary judgment regarding Wildlife LLC's affirmative defenses and counterclaim was correct.

**B.    The district court properly rejected Wildlife LLC's statute of limitations defense.**

Wildlife LLC next argues that the five-year statute of limitations precludes the Beneficiaries' claim. Idaho Code section 5-214A provides a five-year statute of limitations for the commencement of an action for the foreclosure of a mortgage. That statute reads:

8

An action for the foreclosure of a mortgage on real property must be commenced within five (5) years from the maturity date of the obligation or indebtedness secured by such mortgage. If the obligation or indebtedness secured by such mortgage does not state a maturity date, then the date of the accrual of the cause of action giving rise to the right to foreclose shall be deemed the date of maturity of such obligation or indebtedness.

Idaho Code section 45-1515 adopts the same statute of limitations that applies to a mortgage foreclosure to the foreclosure of a deed of trust. That statute reads:

The foreclosure of a trust deed by advertisement and sale shall be made and the foreclosure of a trust deed by judicial procedure shall be commenced within the time limited by the same period and according to the same provisions including extensions as provided by law for the foreclosure of a mortgage on real property.

The deed of trust bore a maturity date of June 28, 2006. However, the Trust Deed Note was modified by Millward and M&S on March 3, 2008. More importantly, the applicable statute of limitations was restarted by a partial payment made on November 8, 2012, which extended the maturity date of the obligations secured by the deed of trust and the right to foreclose that deed of trust, for an additional five years.

Idaho Code section 5-238 addresses the effect of a partial payment. That statute provides:

No acknowledgment or promise is sufficient evidence of a new or continuing contract by which to take the case out of the operation of this chapter, unless the same is contained in some writing, signed by the party to be charged thereby; *but any payment of principal or interest is equivalent to a new promise in writing, duly signed, to pay the residue of the debt*.

(Italics added.)

Payments of interest or principal serve to restart the statute of limitations on all installments on the note pursuant to Idaho Code section 5-238. *Horkley v. Horkley*, 144 Idaho 879, 881, 173 P.3d 1138, 1140 (2007).

There is no dispute that on November 8, 2012, the Beneficiaries received a partial payment on the Trust Deed Note and modification in the amount of $38,472.24 and applied that payment to the debt. As such, this partial payment restarted the five-year statute of limitations. The Complaint was filed within the five-year statute of limitations. The Beneficiaries' Complaint to enforce the Trust Deed Note and modification and to foreclose the deed of trust was therefore timely.

**C.    The doctrine of *res judicata* does not prevent the Beneficiaries from bringing this foreclosure action.**

Wildlife LLC next argues that if it is barred from asserting fraud as a defense by *res judicata*, the Beneficiaries are likewise barred by *res judicata* from bringing their foreclosure action (as well as any action to enforce the underlying debt). In response, the Beneficiaries counter that they were prevented from bringing a foreclosure action or an action to enforce the underlying debt previously, because Millward and M&S were indispensable parties. The Beneficiaries thus contend that Millward and M&S could not have been joined because all actions against them were stayed due to the bankruptcy proceedings.

When a claim could not have been brought due to of the absence of an indispensable party, *res judicata* does not bar a subsequent action as the claim could not have ended in a final judgment on the merits. *See Bauscher Grain*, 92 Idaho at 231, 440 P.2d, at 351 (citing *Costello*, 365 U.S. 265).

Determining whether a case should be dismissed because a party is indispensable under Rule 19 is a three-step process. *See* I.R.C.P. 19. First, the trial court must determine if the party is a required party under Rule 19(a)(1); second, the court must determine if joinder is feasible; if joinder is feasible, the court must join the party under Rule 19(a)(2); and third, if the court has found that the party is required and joinder is not feasible, the court must determine if that party is indispensable under Rule 19(b). If the party is indispensable, further proceedings are barred. I.R.C.P. 19.

The district court's determination of whether a party is required is discretionary "so long as the determination rests on factual grounds." *Ulrich*, 155 Idaho at 252–53, 308 P.3d at 1235–36. Likewise, the district court's determination of whether a party is indispensable is also discretionary. *Id.* However, "[w]hether an action is barred by *res judicata* is a question of law[;]" therefore, this court reviews this issue *de novo*. *Berkshire Invs.*, 153 Idaho at 80, 278 P.3d at 950.

The first inquiry concerns whether Millward and M&S were required parties under Rule 19(a)(1). That Rule lists three scenarios by which a party is determined to be "required." A party is required and must be joined if:

> (A) in that [party]'s absence, the court cannot accord complete relief among existing parties; or
> (B)    that [party] claims an interest relating to the subject of the action and is so situated that disposing of the action in the [party]'s absence may:

> (i)   as a practical matter impair or impede the [party]'s ability to protect the interest; or
>
> (ii)   leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

I.R.C.P. 19(a)(1).

Here, Millward and M&S are the only parties contractually liable for the debt under the promissory note and its modification. M&S is the sole trustor of the deed of trust. Given that this obligation and these documents are central to the Beneficiaries' claims, and that Millward and M&S were obligated to repay the debt under those documents, the district court could not have granted complete relief without the participation of Millward and M&S. Therefore, Millward and M&S are required parties under Rule 19(a)(1).

Second, there is no dispute that Millward was in bankruptcy during the time of the first action and that M&S was listed as Millward's personal property in the bankruptcy schedule. As a result, 11 U.S.C. § 362 stayed all actions against both Millward and M&S. Therefore, joinder of Millward and M&S was not feasible under Rule 19(a)(2).

Because Millward and M&S were required parties and could not be joined, the Rule 19(b) factors must be examined to determine whether they were indispensable parties. Rule 19(b) states:

> If a [party] who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed. The factors for the court to consider include:
>
> (1)   the extent to which a judgment rendered in the [party]'s absence might prejudice that [party] or the existing parties;
>
> (2)   the extent to which any prejudice could be lessened or avoided by:
>
>> (A)   protective provisions in the judgment;
>>
>> (B)   shaping the relief; or
>>
>> (C)   other measures;
>
> (3)   whether a judgment rendered in the [party]'s absence would be adequate; and
>
> (4)   whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Any judgment declaring the amount of debt owed or to foreclose the deed of trust would have certainly prejudiced Millward's and M&S's ability to contest the debt or the validity of the documents. I.R.C.P. 19(b)(1). It is unlikely that a protective provision or specially shaped relief could have avoided this prejudice. I.R.C.P. 19(b)(2). Moreover, the Beneficiaries would (and did) have an adequate remedy if the action were dismissed, as the Beneficiaries could (and did) bring a

foreclosure action once Millward's bankruptcy proceeding was finalized. I.R.C.P. 19(b)(4). As such, it appears that under the Rule 19(b) factors, Millward and M&S were indispensable parties. Therefore, *claim preclusion* (true *res judicata*) cannot bar the Beneficiaries' claim seeking payment for the debt owed in this action. *See Bauscher Grain*, 92 Idaho at 231, 440 P.2d at 351.

Likewise, issue preclusion cannot bar the issue of the amount of debt because that issue was not "actually litigated [ ]or decided" by the district court. *Ticor Title*, 144 Idaho at 124, 157 P.3d at 618. Accordingly, Wildlife LLC's *res judicata* defense was properly rejected by the district court.

## D. Because the Beneficiaries are the prevailing party, they are entitled to their attorney's fees.

The Beneficiaries request attorney's fees pursuant to I.A.R. 41 and Idaho Code section 12-120(3). Rule 41 requires a party to identify attorney's fees as an issue in the "first appellate brief filed by the party . . . ." The Beneficiaries asserted a claim for attorney's fees in their first brief.

Idaho Code section 12-120(3) authorizes an award of attorney's fees in a "commercial transaction."

> Idaho Code § 12-120(3) provides for an award of attorney fees to the prevailing party in a civil action to recover on any commercial transaction. "Commercial transactions," as defined in I.C. § 12-120(3), include all transactions except transactions for personal or household purposes. "Attorney's fees are not appropriate under I.C. § 12-120(3) unless the commercial transaction is integral to the claim, and constitutes the basis upon which the party is attempting to recover." *Brower v. E.I. DuPont De Nemours & Co.,* 117 Idaho 780, 784, 792 P.2d 345, 349 (1990).

*Sun Valley Hot Springs Ranch, Inc. v. Kelsey*, 131 Idaho 657, 663, 962 P.2d 1041, 1047 (1998).

The Beneficiaries are the prevailing parties in this action and meet the requirements of both Rule and statute. The Beneficiaries' claim is based on the deed of trust, promissory note, and modification; thus, the underlying commercial transaction is integral to the Beneficiaries' claim and constitutes the basis for judicial foreclosure. *Id.* Therefore, the Beneficiaries are awarded reasonable attorney's fees under Section 12-120(3).[8]

---

[8] The Beneficiaries in their complaint contend they are entitled to recover attorney's fees incurred in the first action. However, the Beneficiaries stipulated in the first action that the parties were "to bear their own attorney fees and costs of suit." Consequently, it appears they would be judicially estopped from recovering attorney's fees incurred in the first action.

## V. CONCLUSION

The district court correctly concluded Wildlife LLC was foreclosed from claiming fraud in this action by the application of *res judicata*. The district court also correctly rejected Wildlife LLC's contention that the Beneficiaries' claim to foreclose the deed of trust was barred by the statute of limitations. Finally, the district court correctly rejected Wildlife LLC's argument that the Beneficiaries' claim was barred by the application of *res judicata*. The judgment of the district court is affirmed.

The Beneficiaries are awarded their reasonable attorney's fees on appeal.

Chief Justice BURDICK, Justices HORTON, BRODY and BEVAN, CONCUR.